**H. Kovar, Appellant, v. Julius W. Bremer et al., Appellees.**

Opinion filed September 16, 1935.

W. A. MIDDLETON, of Paducah, Ky., and GEORGE E. MARTIN, of Mound City, for appellant.

WALTER ROBERTS and H. A. EVANS, both of Metropolis, for appellees.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

Appellant brought an action for damages against appellees in the circuit court of Massac county. The latter moved to dismiss the amended complaint of appellant, and the court sustained the motion. Appellant electing to stand by his pleading, judgment was entered against him in bar of the action, and for costs, from which he appeals.

The complaint, consisting of five counts, charges, in varying language, that appellant was a minister of the gospel, and pastor of St. John's Lutheran Church at Metropolis; that same was his business and profession; that thereby he acquired gains, profits and advantages, and that he conducted himself therein with uprightness and probity. It is further averred therein that appellees, well knowing such facts, and maliciously intending to injure him and wholly ruin his said business and profession, unlawfully and maliciously did

agree, confederate and form themselves into a conspiracy to defame him and accomplish his ruin as a minister of the gospel; that as a part of their common plan, and in pursuance of the said conspiracy, they, or certain of them, did overt acts and made utterances against appellant, intending to destroy his business and good name; that as a consequence he lost his position as pastor of said church, was suspended from the ministry, lost his salary of $1,200 annually as such clergyman, and was otherwise injured in name, reputation and credit.

That each count was intended to, and did, charge a conspiracy to ruin appellant in his calling and profession seems self evident, and we think it clear that no attempt was made to charge slander therein as a substantive ground of recovery, as contended by appellees, respecting some of the counts.

It is averred in each count that appellees confederated, combined and formed themselves into a conspiracy to defame and ruin the business of appellant. In *People v. Smith,* 147 Ill. App. 146, this court held that such an allegation was sufficiently technical, in an indictment, to charge the crime of conspiracy; hence, with greater reason, adequately charges an unlawful combination in a civil complaint.

That the complaint charges an actionable tort is fully sustained by the authorities. In *Purington v. Hinchliff,* 219 Ill. 159, it was held: "No person or combination of persons can legally, by direct or indirect means, obstruct or interfere with another in the conduct of his lawful business, and any loss willfully caused by such interference will give the party injured a right of action for all damages sustained." And to the same effect are *Doremus v. Hennessy,* 176 Ill. 608; *O'Brien v. People,* 216 Ill. 354; 12 Corpus Juris, p. 589, sec. 114.

Appellees insist that it is not alleged that the acts of appellees were illegal or unlawful. In such situa-

tion, same was not necessary. The averment that they conspired to destroy appellant's business was a sufficient allegation that the combination was for an illegal purpose, and that the acts done or words spoken in pursuance thereof, were because thereof, and of themselves, illegal. *Purington v. Hinchliff, supra.*

The case of *White v. White,* 132 Wis. 121, 111 N. W. 1116, states the rule to be: "The claim made that the complaint does not charge the use of unlawful means is answered by the rule that where the combination itself has for its purpose the doing of an unlawful act, the means as regards whether they are in themselves actionable civilly or criminally are not material." We think the objection is not well taken.

Appellees further claim that "the test of the conspiracy charges should be, and is, the overt acts of each individual defendant, and it should be alleged so it could be either sustained or refuted by proof."

Where a charge is made that a number of persons enter into a conspiracy, and that, to effectuate same, overt acts are done by certain of the conspirators, the requirements of the law are satisfied, and it is not necessary to aver that every one of the parties to the combination committed an overt act in furtherance of the common plan; as in such situation the overt act of one is held to be the act of all.

"The conspiracy being established, everything said, written or done by either of the conspirators in execution or furtherance of the common purpose is deemed to have been said, written or done by every one of them, and may be proved against each." *Lasher v. Littell,* 202 Ill. 551, 555.

In *Chicago, Wilmington & Vermilion Coal Co. v. People,* 214 Ill. 421, 452, the rule is stated to be: "After an unlawful combination is formed, the acts of the different parties to the combination, which tend to further its purposes, bind all parties to the combination."

The leading case of *Franklin Union v. People,* 220 Ill. 355, 377, holds: ''The law is well settled that when a conspiracy is once entered into, each conspirator then becomes liable for all the acts of his co-conspirators done in furtherance of the objects of the conspiracy.''

The recent and well considered case of *Tribune Co. v. Thompson,* 342 Ill. 503, 530, declares: ''This combination of persons in a common design to accomplish an unlawful purpose, constitutes such unity of action that when the fact of conspiracy is established, the acts and declarations of one co-conspirator are considered in the law as the acts and declarations of the others.''

It is also insisted that some of the counts charge that different appellees named therein uttered slanderous words concerning appellant; that each such utterance constituted an independent slander, and hence that such counts are repugnant to the rule against duplicity. The answer to this argument is that such spoken words are charged to be acts done in furtherance of the combination, and are matters arising out of and part of the same transaction, each one being a link in the chain of events, following in sequence, from the entering into of the conspiracy to wreck the business and profession of appellant, until the accomplishment of its unlawful purpose. Hence such utterances, growing out of the common transaction, to wit: the conspiracy, are properly joinable in the same count, as provided by No. 12 of the Rules adopted by the Supreme Court to supplement the Civil Practice Act, and are treated as a single cause of action. Also so held by this court in *Randall Dairy Co. v. Pevely Dairy Co.,* 278 Ill. App. 350.

Moreover, each count is, in law, a separate complaint, and must in itself state a complete cause of action. It has been held that where a number of slanders are uttered by different parties, pursuant to

a common agreement or conspiracy, each is jointly liable with the others for their utterance, and separate causes of slander may be set out in the same complaint. *Green v. Davies,* 182 N. Y. 499, 75 N. E. 536; *May v. Wood,* 172 Mass. 11, 51 N. E. 191.

In *Murray v. McGarigle,* 69 Wis. 483, 34 N. W. 522, an action alleging a conspiracy to injure plaintiff's business and reputation, where the complaint was attacked as insufficient, the court, on page 528, stated: "The complaint seeks to set out, by way of inducement, the circumstances under which the injury complained of was committed,—the conspiring together and common purpose of the defendants, the means used to accomplish their common purpose, the object to be attained, the overt acts of one or more of the defendants in pursuance of such common purpose, and, lastly, the resulting injury and damage to the plaintiff. The complaint in form would seem to be sufficient, and answer the requirements of an action for conspiracy."

Each count of the complaint in the instant case seems to conform to the rule as stated, and in our judgment is sufficient. The court should have overruled the motion to dismiss.

The judgment is reversed, and the cause is remanded with directions to the trial court to overrule appellees' motion to dismiss and for judgment.

*Reversed and remanded with directions.*