2 Ill. App.3d 802 (1972)
277 N.E.2d 748
THOMAS COFFEY, Plaintiff-Appellant,
v.
EDWARD MacKAY et al., Defendants-Appellees.
No. 70-217.
Illinois Appellate Court  Second District.
January 10, 1972.
*803 *804 R.L. Huszagh and Raymond Agrella, both of Wheaton, and Redman, Shearer & O'Brien, of St. Charles, for appellant.
James A. Geraghty, of Glen Ellyn, Reis, Kula, & Young, of Lombard, and Rathje, Woodward, Dyer & Burt, of Wheaton, for appellee.
Affirmed in part, reversed in part and remanded.
Mr. JUSTICE SEIDENFELD delivered the opinion of the court:
Thomas Coffey, sued the defendants Edward MacKay, Lois MacKay, MacKay Publications, Incorporated, John B. Brust, d/b/a Brust Funeral Home, Roger B. Ytterberg and Leo A. Ozier, seeking damages based on an alleged conspiracy to destroy plaintiff's funeral business and to libel *805 and slander him. The trial court first dismissed Ozier as a party defendant with prejudice but with leave to file in the Court of Claims. In a separate order the court dismissed the original single count complaint with leave to amend. Thereafter the court dismissed the amendment to the complaint, Count II, and the second amendment to the complaint, Counts III and IV. The plaintiff appeals from the orders dismissing the complaint and the amendments.
The allegations of fact in support of the various counts of the complaint are substantially the same. Coffey operated a funeral home in Lombard, Illinois, and was a member of the Du Page County Funeral Directors Association; Brust operated the only other funeral home in Lombard; the MacKays were the owners, officers and operators of MacKay Publications which published the "Lombardian", a newspaper with a large general circulation in Lombard and in Du Page County. Ytterberg was executive secretary of the Illinois Funeral Directors Association and editor of the Association's newsletter which had a wide circulation among members of the Association and other funeral directors in the State of Illinois and in many cities in surrounding states.
The MacKays and Brust on or about February 10, 1969, conspired among themselves to make false complaints against plaintiff in order to initiate investigations about his honesty, integrity, competence and as to his right to continue as a funeral director. These defendants conspired also to make false complaints to the Du Page County Funeral Directors Association that plaintiff had been fabricating obituaries for insertion in a local newspaper. The MacKays are charged with acts in furtherance of the conspiracy, consisting of incorrectly listing the name of a deceased, "Charles E. Sakis" as "Charles E. Fakis", in the February 12, 1969, edition of the "Lombardian", although the name was correctly listed in another Lombard paper and in the Chicago newspapers. The spelling was corrected in the February 19th edition. The MacKays then used the incorrect name in making subsequent complaints. Lois MacKay telephoned the president of the Du Page County Funeral Directors Association, one Schneider, and told him that plaintiff was running fake funerals and false obituaries. The MacKays and Brust contacted Ytterberg and told him to take action to take away plaintiff's right to operate as a funeral director; Ytterberg agreed with the MacKays and Brust to assist them in ruining plaintiff's good name and putting him out of business.
Ytterberg then complained orally and in writing to the Illinois Department of Public Health, Bureau of Vital Records, that plaintiff had inserted a number of false obituaries in the February 19th, 1969, issue of the "Lombardian"; made written complaint to the Illinois Department *806 of Registration and Education that plaintiff had conducted fake funerals and had violated the Illinois Funeral Directors and Embalmers Act.
Ytterberg also inserted a news item in the March 28th, 1969, issue of the Illinois Funeral Directors Newsletter:
"A FUNERAL DIRECTOR who has reportedly been fabricating obituaries for insertion in a local newspaper  evidentally on the theory that they have a beneficial, and free, advertising effect  is being investigated by the Department of Registration and Education, the Bureau of Vital Records and the Internal Revenue Service. The investigators are seeking evidence of fraud, failure to file death certificates and unreported income."
knowing that the statements were untrue, and intending that readers, including funeral directors in this and neighboring states and other persons in related businesses, would know that the article referred to plaintiff although his name was not mentioned. It was further alleged that readers became curious about the identity of the person being investigated and were able to determine that the news item referred to the plaintiff.
The complaint alleged that the defendants acted with malice by making the alleged complaints knowing they were false and that plaintiff was damaged in amounts specified in the various counts. The complaint also alleged inconsistently that the defendants did not contact him to determine the truth or falsity of the allegations against him.
On appeal, plaintiff has filed a motion to amend the complaint (which we have taken with the case), seeking to allege that he was actually forced out of business.
After the original complaint was stricken with leave to plead over, plaintiff filed the pleading entitled "Amendment to Complaint" (Count II) and thereafter filed a pleading entitled "Second Amendment to Complaint" (Counts III and IV). Both amended pleadings incorporated certain allegations of the original complaint. Essentially, Count II charges a common law conspiracy to libel and slander plaintiff; Count III charges that defendants conspired to violate the Illinois Antitrust Act (Ill. Rev. Stat. 1969, ch. 38, par. 60-3(2); and Count IV charges the defendants conspired to acquire monopoly power over the funeral business in the Lombard area for the purpose of excluding competition and fixing prices, also, in violation of the Illinois Antitrust Act (ch. 38, supra, par. 60-3(3).
 1-3 The sufficiency of the pleadings is to be tested by rules which have been often stated. Pleadings are to be liberally construed with a view that controversies shall be determined on their merits to do substantial *807 justice, rather than determined on technicalities. (Ill. Rev. Stat. 1969, ch. 110, pars. 33(3), 42(2); (Fitzgerald v. VanBuskirk (1968), 96 Ill. App.2d 432, 435, 436.) (See also Monroe College of Optometry v. Goodman (1947), 332 Ill. App. 78, 91, 92, 93.) Plaintiff is not required to allege facts with precision which to a greater degree of exactitude are within the knowledge of defendants rather than the plaintiff. (Field v. Oberwortmann (1957), 14 Ill. App.2d 218, 221.) A motion to dismiss admits allegations which are well pleaded, but not conclusions. Stenwall v. Bergstrom (1947), 398 Ill. 377, 383; Dean v. Kirkland (1939), 301 Ill. App. 495, 503.
 4 The amendment to the complaint is framed on a theory of a common law conspiracy by the various defendants. The gist of this action is not the conspiracy itself but the acts done and the damages caused by overt actions of the alleged conspirators in pursuance of their common cause. Kovar v. Bremer (1935), 281 Ill. App. 505, 508 (see also Kovar v. Bremer (1938), 294 Ill. App. 225, 231; Dean v. Kirkland, 301 Ill. App. 495, 504, supra; Field v. Oberwortmann, 14 Ill. App.2d 218, 226, 227 supra.
Plaintiff asserts that the item in the Illinois Funeral Directors Newsletter constitutes a libel against him. He alleges that other funeral directors and persons in related businesses knew or became aware after reading the news item that it referred to him. Plaintiff argues that the pleading is sufficient and that opinion evidence as to the identity of a person referred to in a libelous publication would be admissible in the proof.
 5 For a complaint to be sufficient to allege publication of a libelous article when it does not name the plaintiff, it must appear on the face of the complaint that a third person reading the article must have reasonably understood that the article was written of and concerning the plaintiff and that it referred to him. (Algozino v. Welch Fruit Products Co. (1951), 345 Ill. App. 135, 143; Voris v. Street & Smith Pub. (1947), 330 Ill. App. 409, 413; Duvivier v. French, 104 F. 278, 281 (CCA7-1900).) Here plaintiff has failed to allege those facts by which a reasonable man might infer that a third party reading the news items might understand it to refer to the plaintiff.
 6, 7 While opinion evidence is admissible as to the identity of a person referred to in a libelous publication, the pleadings as a matter of law must first be shown to have raised a question of fact. (John v. Tribune Company (1962), 24 Ill.2d 437, 440, 441.) But in this case the conclusionary allegations by the plaintiff that the articles were understood by other funeral directors to refer to plaintiff are not sufficient to *808 raise a question of fact on the face of the pleadings. This became a defect of law and could not have been cured by other proof. The action based upon these allegations was properly dismissed by the court.
 8 Plaintiff further argues that the allegations concerning Lois MacKay's telephone call to Schneider and Ytterberg's complaint to the Bureau of Vital Records and the Department of Registration and Education, constitute overt acts in furtherance of the conspiracy. Plaintiff has also alleged in effect that the false complaints of the MacKays and Brust to Ytterberg are such other overt acts. These latter allegations do not state a cause of action for libel and slander, since there must be publication of the defamatory matter to a third person, not a defendant. The allegations of complaints to Ytterberg, a defendant, and alleged co-conspirator, thus are not actionable. McLaughlin v. Schnellbacher (1895), 65 Ill. App. 50, 55.
 9 The allegations of a conspiracy on the part of the defendants plus overt actions by Lois MacKay and Ytterberg are sufficient to state a cause of action for a conspiracy to injure the business of the plaintiff through libel and slander. (Kovar v. Bremer, 281 Ill. App. 505, supra; Monroe College of Optometry v. Goodman, 332 Ill. App. 78, 92, supra.) Plaintiff has alleged sufficient facts to make it appear that the alleged wrongful acts of defendants resulted from concerted action. Majewski v. Gallina (1959), 17 Ill.2d 92, 99, 100; Commercial Products Corp. v. Briegel (1968), 101 Ill. App.2d 156, 164.
 10 We agree with plaintiff that the alleged statements and writings of the defendants would constitute libel and slander per se. See Whitby v. Associates Discount Corp. (1965), 59 Ill. App.2d 337, 340, 341; Tunnell v. Edwardsville Intelligencer, Inc. (1968), 99 Ill. App.2d 1, 12; Mitchell v. Peoria Journal-Star, Inc. (1966), 76 Ill. App.2d 154, 160; Coursey v. Greater Niles Tp. Pub. Corp. (1967), 82 Ill. App.2d 76, affirmed 40 Ill.2d 257; Reed v. Albanese (1966), 78 Ill. App.2d 53, 58.
 11 We also agree with plaintiff's position that when libel per se or slander per se are alleged, it is not necessary to allege or prove special damages as both malice and damages are presumed. Cowper v. Vannier (1959), 20 Ill. App.2d 499, 501.
 12 While neither party have argued the issue of conditional privilege attached to the alleged statements and writings of the defendant, (see Judge v. Rockford Memorial Hospital (1958), 17 Ill. App.2d 365, 378, 379 we note that plaintiff has alleged actual malice by the defendants in making the alleged complaints knowing that they were false. This is a sufficient allegation of actual malice to negate the issue of conditional privilege which arises because Brust, as a competitor of the plaintiff, and the MacKays, as the operators of the newspaper in which the *809 alleged false obituaries were published, and Ytterberg, as executive secretary of the state trade association, had the requisite interest or duty to rebut the prima facie inference of malice which otherwise would have arisen from the publication. See Schlaf v. State Farm Mut. Auto. Ins. Co. (1957), 15 Ill. App.2d 194, 199.
 13 Appellant next argues, without citing authority beyond the bare words of the Illinois Antitrust Act, Ch. 38, Sec. 60, I.R.S., that Count III alleges a conspiracy in violation of Sec. 60-3(2) relative to restraint of trade and Count IV alleges a conspiracy in violation of Sec. 60-3(3)[1] relative to monopoly. Under Counts III and IV, plaintiff substantially realleges all the facts under Count II with the additional allegations that the "Lombardian", as a public service and as a news item of general interest to the public, customarily published obituaries. The MacKays and MacKay Publications, Inc. refused to publish plaintiff's obituaries and to run plaintiff's ads following the event alleged in Count II, though requested to do so on numerous occasions. Meanwhile, they continue to publish the obituaries of the Brust Funeral Home.
Both counts were properly dismissed by the trial court as failing to state a cause of action. Sec. 60-11 of the Antitrust Act provides:
"When the language of this Act is the same or similar to the language of a Federal Anti-trust Law, the courts of this state in construing this Act shall follow the construction given to the Federal Law by the Federal Courts."
Sec. 60-3(2) is similar to 15 USCA, Sec. 1 which provides in part, "Every contract, combination, in the form of a trust or otherwise, or conspiracy in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal * * *." Sec. 60-3(3) is similar to 15 USCA, Sec. 2 which provides in part, "Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a misdemeanor * * *."
The crux of plaintiff's complaints under Counts III and IV is that the MacKays and MacKay Publications, Inc. refused to publish obituaries *810 or accept plaintiff's ads. Plaintiff has realleged that the obituary of Sakis was properly carried by the "Lombard Spectator" and by various Chicago newspapers. Appellees point out appellants reference to the "Lombard Area" and ask that we take judicial notice that Lombard has common boundaries with the municipalities of Elmhurst and Villa Park, which we do. We also take judicial notice of Lombard's proximity to urbanized area in and about Chicago. In the absence of allegations of other facts, there is a failure to state a cause of action under Sec. 60-3(2) or Sec. 60-3(3) of the Antitrust Act where the only allegation is a bare refusal to deal with the plaintiff while dealing with a competitor of the plaintiff. (Six Twenty-Nine Productions, Inc. v. Rollins Telecasting, Inc. (1965), 365 F.2d 478; Lorain Journal Co. v. U.S. (1951), 342 U.S. 143, 72 S.Ct. 181, 96 L.Ed. 162.) The judgment of the trial court, dismissing Counts III and IV is affirmed.
 14 The motion to amend the pleadings here to allege that "the plaintiff was unable to remain in business as a funeral director in Lombard, and was forced out of the funeral business in Lombard", is denied. We find that the motion was not timely made and further that plaintiff has failed to show that the amendment is necessary or that no prejudice will result to the defendants if it is allowed. Also there is no showing that the issues sought to be raised by the amendment are supported by the facts in the record on appeal. See Supreme Court Rule 362.
 15 Plaintiff has attempted to appeal both the order dismissing the original complaint with leave to amend and the order dismissing the amendment to the complaint, Count II, and the second amendment to the complaint, Counts III and IV. Plaintiff's attempt to appeal the dismissal of the original complaint is a violation of Supreme Court Rule 273. The trial court struck the original complaint with leave to plead over. Plaintiff elected to plead over rather than stand on the complaint and is bound by that election. (See Martin v. Masini (1967), 90 Ill. App.2d 348, 353.) Of course, to the extent that the allegations contained in the original complaint are incorporated by reference in the amendment to the complaint, they are properly considered.
The cause is remanded to the trial court with directions to reinstate those portions of the pleading in Count II which we have held to state a cause of action and to further proceed in accordance with this opinion.
Affirmed in part, reversed in part and remanded with directions.
MORAN, P.J., and ABRAHAMSON, J., concur.
NOTES
[1] Section 60-3 provided "Every person shall be deemed to have committed a violation of this Act who shall:

* * *
(2) By contract, combination, or conspiracy with one or more other persons unreasonably restrain trade or commerce; or
(3) Establish, maintain, use, or attempt to acquire monopoly power over any substantial part of trade or commerce of this State for the purpose of excluding competition or of controlling, fixing, or maintaining prices in such trade or commerce;"