ALL BRAKE AND DRIVE UNIT SERVICE, INC., Plaintiff-Appellant, *v.* JAMES PETERSON, Defendant-Appellee.

First District (4th Division)   No. 77-1884

Opinion filed March 8, 1979.

Schmidt, Di Monte, Baker & Lizak, of Chicago (Chester A. Lizak and James J. Crowley, Jr., of counsel), for appellant.

Nickels & McClow, of Elburn (Thomas A. McClow, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, All Brake and Drive Unit Service, Inc. (hereinafter All Brake), appeals from an order of the circuit court of Cook County dismissing plaintiff's complaint and from a subsequent order denying its motion to vacate the order dismissing the complaint pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 48). We reverse and remand the case for a trial on the merits.

The two issues necessary for the disposition of this case are (1) whether plaintiff's complaint stated a cause of action for reformation and (2) whether the circuit court lost jurisdiction of the matter prior to its order of October 3, 1977.

Plaintiff filed its complaint in the Chancery Division of the Circuit Court of Cook County seeking reformation of a contract entered into with defendant, James Peterson. The complaint alleged, *inter alia*, that on November 19, 1976, Mr. Peterson entered into a contract with plaintiff to purchase a 1975 GMC diesel tractor. As part of the contract, All Brake accepted Mr. Peterson's 1973 tractor as a trade-in, and the parties agreed that the trade-in allowance would be $12,000 which would be deducted from the sale price of $34,756. Prior to the execution of the contract, both parties were aware of an outstanding lien of $15,000 against the trade-in vehicle.

The complaint further alleged that when the contract was executed a mistake was made by plaintiff and defendant whereby the amount of the lien was incorrectly stated as $3000 instead of the $15,000 actually owed. When the retail installment contract was executed, a corresponding mistake was made by plaintiff and defendant whereby the amount of the trade-in was listed as $9000 instead of minus $3000. As a result of the foregoing mistakes, the total purchase price was understated by $12,000.

The total purchase price indicated on the contract, including the incorrectly stated outstanding lien of $3000, was $26,916.30. However, since the lien was, in fact, $15,000, the total purchase price should have been $38,916.30.

Finally, the complaint alleged that upon discovery of the mistake, less than 1 month after delivery of the new tractor, All Brake informed Mr. Peterson of the mistake. All Brake sought reformation of the contract in accordance with the intention of the parties.

Mr. Peterson filed a motion to dismiss pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 48), alleging that All Brake's complaint did not state a cause of action for reformation. According to the motion to dismiss and an affidavit attached thereto, the parties never discussed, and did not agree, that the purchase price of the 1975 tractor would be $38,916.30.

Plaintiff moved to strike defendant's motion to dismiss on the ground that it was an improper section 48 motion. On July 25, 1977, plaintiff's complaint was dismissed in the circuit court, and plaintiff was granted 28 days to file an amended complaint. Plaintiff elected to stand on its complaint and on October 3, 1977, filed a motion to vacate the order dismissing its complaint. The circuit court denied that motion and found the court had lost jurisdiction of the case, stating that more than 30 days had passed since entry of the order on July 25, 1977. The October 3 order stated there was no just reason to delay enforcement or appeal.

It is plaintiff's position that the circuit court erred in dismissing its complaint. Defendant contended in his motion to dismiss that plaintiff's complaint failed to state a cause of action for reformation. We disagree. ■■ It is well established that a court may reform an instrument to make it conform to the intention of the parties and the agreement between them. (*Stoerger v. Ivesdale Co-op Grain Co.* (1973), 15 Ill. App. 3d 313, 316, 304 N.E.2d 300, 302.) In order for an instrument to be reformed, the proof must clearly and convincingly show that a mistake of fact and not law, mutual and common to both parties, was made. (*Skelly v. Ersch* (1922), 305 Ill. 126, 130, 137 N.E. 106, 107; *Stoerger*, at 316.) A mistake of fact such as an erroneous computation (*Lux v. Lelija* (1958), 14 Ill. 2d 540, 547-48, 152 N.E.2d 853, 857) or the failure of a contract to state correctly the balance due will justify the reformation of the instrument. *Singer v. Murphy* (1930), 338 Ill. 620, 627-28, 170 N.E. 777, 780-81.

The complaint alleged that defendant entered into a contract to buy plaintiff's 1975 tractor with a selling price of $34,756. Defendant was to receive a $12,000 trade-in allowance for his 1973 tractor. Both parties were allegedly aware of a $15,000 lien on the 1973 tractor, and by mutual mistake the amount of the lien was incorrectly stated as only $3000 instead of $15,000. The complaint further alleged that a corresponding mistake

was made in the retail installment contract whereby the equity in the trade-in vehicle was listed as $9000 instead of minus $3000. According to the complaint, these mistakes resulted in a $12,000 loss to plaintiff. Finally, the complaint alleges that plaintiff informed defendant of the mistakes less than 1 month after the delivery of the tractor. Plaintiff prayed for reformation of the contract in accordance with the intention of the parties.

Mr. Peterson argues on appeal that while plaintiff seeks to have the purchase price increased to $38,916.30, it does not allege that this was the agreed purchase price and a mutual mistake caused the figure of $26,916.30 to be inserted instead. Plaintiff merely states the total contract price should have been $38,916.30.

Section 33(3) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 33(3)) provides that "Pleadings shall be liberally construed with a view to doing substantial justice between the parties." Although a pleading does not, in express terms, allege the instrument sought to be reformed was erroneously executed through mistake, nevertheless, the pleading is sufficient if it sets up facts from which such a conclusion is inevitable or fairly deducible. (*Darst v. Lang* (1937), 367 Ill. 119, 125, 10 N.E.2d 659, 662-63.) While the word "mistake" is not employed by plaintiff in the complaint where it alleges what the total contract price should have been, plaintiff alleges other facts from which it appears that the contract does not conform to the intention and agreement of the parties.

■■ Under section 42(2) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 42(2)), the essential test of whether a complaint should stand is whether the complaint informs the defendant of the nature of the claim which he is called upon to meet. (*Snook v. Shaw* (1942), 315 Ill. App. 594, 598, 43 N.E.2d 417, 419.) In our opinion, plaintiff's complaint has met that test. We find that the complaint was sufficient to state a cause of action for reformation.

■■■ Concerning the question of the circuit court's jurisdiction, plaintiff argues that the court erred in finding it had lost jurisdiction of the cause, and we agree. The question which must be addressed is whether the order dismissing plaintiff's complaint was final and appealable. The rules which govern whether an order is final and appealable were stated by the appellate court in *Maple Investment & Development Corp. v. Skore* (1976), 38 Ill. App. 3d 654, 655, 348 N.E.2d 498, 499, wherein the court declared:

> "To constitute a final, appealable order, the order must terminate the litigation between the parties to the suit and finally determine, fix and dispose of their rights as to the issues made by the suit. [Citation.] A 'final order' for the purposes of appeal must terminate

the litigation between the parties, so that, if affirmed, the trial court has only to proceed with the execution of the judgment. [Citations.]" (*Skore*, at 655.)

In *Martin v. Masini* (1967), 90 Ill. App. 2d 348, 353, 232 N.E.2d 770, 773, the court found the following:

"* * * [A] complaint may be dismissed with leave granted to plead-over, or the plaintiff may seek to plead-over within thirty days after dismissal of a complaint where the dismissal is based on a technicality or other matter that may be cured by the filing of an amended complaint. A general dismissal, with no right given to plead-over or followed by an election to stand on the complaint, however, is a final, appealable order." (*Martin*, at 353.)

An order by a trial court which allows leave to file amended pleadings has been held not final and appealable. (*Stutzke v. Edwards* (1978), 58 Ill. App. 3d 832, 835, 374 N.E.2d 1071, 1073; *Gray v. Starkey* (1976), 41 Ill. App. 3d 555, 558, 353 N.E.2d 703, 706.) Furthermore, where the trial court dismisses a complaint because of some technical deficiency and allows a certain number of days for filing an amended complaint, the trial court can allow the amended complaint to be filed after the expiration of that period, since the dismissal of the complaint with leave to correct the deficiency does not amount to a final judgment. (*Gray*, at 559.) In *Gray*, as in the instant case; the issue was whether the trial court had lost jurisdiction after the expiration of the period allotted by the court to amend the pleadings.

■■ In the application of the above principles to our facts, we find that the trial court had not lost jurisdiction of the case before us because the order was not final and appealable. The dismissal order of July 25, 1977, granted plaintiff 28 days to file an amended complaint and granted defendant 28 days to answer or otherwise plead. The order was based on a matter that may have been cured by an amended pleading. It was not a general dismissal and did not fix and dispose of the issues raised by the complaint. We hold, therefore, that the circuit court retained jurisdiction of this cause prior to its October 3, 1977, ruling.

For the foregoing reasons, this cause is reversed and remanded to the circuit court of Cook County for a trial on the merits of the case.

Reversed and remanded.

ROMITI and LINN, JJ., concur.