BEATRICE MARTIN, Plaintiff-Appellant, *v.* A. R. MARKS *et al.*, Defendants-Appellees.

Fifth District    No. 78-467

Opinion filed February 1, 1980.

Edward J. Kionka, of Columbia, Philip C. Zimmerly, of Champaign, and Curtis G. Quindry, of Newton, for appellant.

John E. Jacobsen, of Campbell, Furnall, Moore & Jacobsen, of Mt. Vernon, for appellee A. R. Marks.

Cornelius Thomas Ducey, Jr., of Ducey & Feder, Ltd., of Belleville, for appellee Fairfield Memorial Hospital Association.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Wayne County dismissing plaintiff's amended complaint. On appeal two issues are raised: first, whether the notice of appeal was timely filed and second, whether the complaint was sufficient to state a cause of action.

In order to determine whether plaintiff's notice of appeal was timely filed, it is first necessary to determine which of the trial court's numerous orders dismissing the complaint constituted a final and appealable order.

The complaint was initially filed by plaintiff on July 23, 1975, count I being directed against Dr. Marks and count II against Fairfield Memorial Hospital Association. Dr. Marks moved to dismiss the complaint for failure to state a cause of action on August 8, 1975, and the hospital filed a similar motion on August 27, 1975. On March 29, 1976, the trial court granted both defendants' motions to dismiss and allowed plaintiff leave to amend within 30 days. On July 8, 1976, defendant Marks moved to dismiss the cause of action with prejudice for failure to file an amended complaint within 30 days. Subsequently, on November 10, 1976, the plaintiff filed an amended complaint. On November 16 and November 17, 1976, the hospital and Dr. Marks moved to dismiss the complaint with prejudice for failure of plaintiff to make a timely filing thereof. On January 10, 1977, the trial court, in dismissing count I of the complaint with prejudice, stated that plaintiff take nothing by count I of her amended complaint and that defendant A. R. Marks go hence without day. On the same day, count II of the complaint was dismissed by the court, the order providing that plaintiff go hence without day. Both orders specified that "there is no just reason for delaying the appeal of this order." On January 11, 1977, plaintiff moved to set aside the court's order of the preceding day. Both defendants subsequently moved to strike plaintiff's motion; and on January 21, 1977, the court set aside the January 10, 1977, order and gave plaintiff leave to file an amended complaint. The docket entry noted that the amended complaint was refiled that day.

The hospital, on January 28, 1977, and Dr. Marks, on February 4, 1977, each moved to dismiss the amended complaint with prejudice for failure to state a cause of action. On February 24, 1977, the court dismissed the amended complaint, making a docket entry which stated: "* * * All other motions granted as per terms of signed order to be placed on file. Plaintiff given thirty days to file amended complaint after signing of written order." The court entered written orders dismissing the complaint as to the hospital on May 5, 1977, and as to Dr. Marks on May 11, 1977. On June 6 plaintiff moved for an extension of time to file an amended complaint. This motion was granted on June 8 and plaintiff was then allowed until July 15, 1977, to file an amended complaint.

On August 1, 1977, the plaintiff filed a motion to reconsider the orders pertaining to defendants' motions to dismiss. This motion was denied on August 31, 1977, the order stating that plaintiff elected to stand on her amended complaint. On September 8, 1977, the hospital filed a motion to reconsider the order of June 8 and a motion to dismiss plaintiff's suit with prejudice for failure to make a timely filing of an amended complaint. On September 9, 1977, Dr. Marks filed a similar motion. The plaintiff filed objections to all three motions; and at the subsequent hearing on August 24, 1978, the trial court granted both the hospital's and the doctor's motions to dismiss the cause of action with prejudice. On September 14, 1978, plaintiff filed a notice of appeal, which defendants contend, on appeal, was not timely filed.

The time requirements relating to the filing of appeals are specified in Supreme Court Rule 303 (Ill. Rev. Stat. 1977, ch. 110A, par. 303), which provides that the notice of appeal must be filed with the clerk of the circuit court "* * * within 30 days after the entry of the final judgment appealed from * * *." Therefore, it becomes necessary to ascertain which of the numerous orders of the trial court constitutes the "final judgment appealed from."

●■ ■ Generally, an order striking a complaint or granting a motion to dismiss is not final and appealable unless it indicates that plaintiff take nothing by virtue of his action and defendant go hence without day. While this language is not essential to a determination of what constitutes a final and appealable order, the terms are indicative of the fact that plaintiff will not be allowed to plead over and that the litigation between the parties is terminated. With respect to the orders of dismissal in the instant case, the March 29, 1976, order of dismissal was not final and appealable since it granted plaintiff leave to file an amended complaint within 30 days. Since no final order was entered by the trial court which would have operated to divest the trial court of jurisdiction after 30 days, it retained jurisdiction although the 30 days allowed plaintiff to amend had expired. *Weilmuenster v. H. H. Hall Construction Co.* (1979), 72 Ill. App. 3d 101, 390 N.E.2d 579; *All Brake & Drive Unit Service, Inc. v. Peterson* (1979), 69 Ill. App. 3d 594, 388 N.E.2d 93.

The January 10, 1977, orders of dismissal were final and appealable orders as indicated by the language used by the trial court. However, on January 21, 1977, before the expiration of 30 days when the trial court would have lost jurisdiction of the cause, the court entered an order vacating the dismissal of January 10, 1977, and gave the plaintiff leave to file an amended complaint.

The February 24, 1977, docket entry granted both defendants' motions to dismiss, directed the parties to submit written orders, and allowed plaintiff leave to amend. Finally on August 31, 1977, the plaintiff

elected to stand on her amended complaint, filed November 10, 1976. We note that this pleading previously had been dismissed by the court; however, the dismissal order was subsequently vacated. Defendants contend that as a result of plaintiff's election on August 31, 1977, to stand on a complaint previously filed, the 30-day period within which to file a notice of appeal began to run on that date. We disagree.

A general dismissal followed by an election to stand on the complaint is not a final and appealable order until a subsequent order dismissing the suit is entered. (*Schoen v. Caterpillar Tractor Co.* (1966), 77 Ill. App. 2d 315, 222 N.E.2d 332; *Doner v. Phoenix Joint Stock Land Bank* (1942), 381 Ill. 106, 45 N.E.2d 20.) The August 31, 1977, order dismissing the plaintiff's August 1 motion to reconsider and noting plaintiff's election did not become a final and appealable order nor would it have become an appealable order until a subsequent order dismissing the cause of action was entered. The motions to dismiss filed September 8 and 9, 1977, were granted on October 19, 1977. The docket entry provided, in part, "signed orders to be prepared by parties for signature and filing." Under Supreme Court Rule 272 (Ill. Rev. Stat. 1977, ch. 110A, par. 272), "[i]f at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. * * *" Therefore, the October 19 order would not be final until written orders were entered, and such final written judgment orders were not filed until August 24, 1978. At that time, an order was entered dismissing plaintiff's complaint with prejudice. This dismissal constituted a final and appealable order; consequently, plaintiff's September 14, 1978, notice of appeal was timely filed.

The second issue on appeal raises the question of the sufficiency of the allegations of the complaint to state a cause of action. The plaintiff's complaint contains numerous allegations of negligence on the part of plaintiff's physician and on the part of the hospital in connection with the diagnosis, treatment, surgery and post-operative care of plaintiff. While we find plaintiff's complaint includes numerous extraneous and conclusory allegations, the pleading, nevertheless, sufficiently states a cause of action to comport with the standards of sections 33 and 42(2) of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, pars. 33 and 42(2).) Section 33(3) of the Civil Practice Act specifies: "Pleadings shall be liberally construed with a view to doing substantial justice between the parties" while section 42(2) of the Act provides that "[n]o pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet."

In the instant case plaintiff is required to allege sufficient facts

disclosing a duty to plaintiff on defendants' part, defendants' breach of that duty and resulting damage to plaintiff caused by the breach of duty. *Church v. Adler* (1953), 350 Ill. App. 471, 113 N.E.2d 327.

As to the defendant doctor, plaintiff alleges in count I, paragraph 6(g), (h), (i), and (j) of the amended complaint that the defendant:

"(g) Performed a total abdominal hysterectomy on the Plaintiff which punctured Plaintiff's small intestine.

(h) Performed a total abdominal hysterectomy which caused Plaintiff's small intestine to become twisted and caused a perforation to develop in Plaintiff's abdominal wall.

(i) Improperly attended the Plaintiff subsequent to said surgery.

(j) Failed to take the proper steps to alleviate Plaintiff's injured small intestine when Defendant knew, or in the exercise of ordinary medical care should have known, that such steps were necessary to a person having Plaintiff's symptoms."

As to the defendant hospital, plaintiff alleges in paragraph 4, subparagraphs (i) and (j) of count II of the amended complaint that the hospital:

"(i) Failed to have the proper steps taken to alleviate Plaintiff's injured small intestine when the Defendant knew, or in the exercise of ordinary medical care should have known, that such steps were necessary to a person having Plaintiff's symptoms.

(j) In light of all the symptoms indicating a perforated abdominal wall, Defendant failed to require consultation with, or examination by, members of the hospital surgical staff and to require steps to be taken to prevent the continued drainage from Plaintiff's punctured small intestine."

These allegations, judged with the admonitions of liberal construction, as specified in section 33 of the Civil Practice Act, are sufficient to inform defendants of the nature of the claim they are called upon to defend as required by section 42(2) of the Civil Practice Act. (*Coffey v. MacKay* (1972), 2 Ill. App. 3d 802, 277 N.E.2d 748; *Church v. Adler*.) We would further note our agreement with the court's statement in *Coffey v. MacKay* that "[p]laintiff is not required to allege facts with precision which to a greater degree of exactitude are within the knowledge of defendant" (*Coffey v. MacKay* (1972), 2 Ill. App. 3d 802, 807, 277 N.E.2d 748, 751); and it is our opinion that such a conclusion is particularly appropriate in medical malpractice cases. We, therefore, conclude that plaintiff's amended complaint states a cause of action against both defendants.

For the foregoing reasons, we reverse the judgment order of the

Circuit Court of Wayne County and remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

KARNS and SPOMER[1], JJ., concur.

---

[1] Justice Dorothy W. Spomer replaced Justice Peyton H. Kunce, who retired after oral argument.