SHELBY COUNTRY CLUB *et al.*, Plaintiffs-Appellees, *v.* ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Defendants-Appellants.

Fifth District   No. 82—295

Opinion filed July 7, 1983.

Tyrone C. Fahner, Attorney General, of Springfield (Imelda R. Terrazino, Assistant Attorney General, of counsel), for appellants.

Dove & Dove, of Shelbyville, for appellees.

JUSTICE KASSERMAN delivered the opinion of the court:

This action was brought under the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*). The sole issue raised by defendant's appeal is whether the circuit court of Shelby County erred in concluding that the Illinois Liquor Control Commission (hereinafter the State Commission) lacked jurisdiction to consider whether the sale of alcoholic liquor was forbidden in Shelbyville Township, Shelby County, Illinois.

Prior to 1979, the Shelby County Local Liquor Control Commission (Local Commission) licensed the Shelby Country Club and Lithia Springs Marina, Inc. (licensees), to conduct retail sales of alcoholic liquor. The record indicates that Robert Ramshaw filed an appeal with the State Commission on May 3, 1979, from the Local Commission's failure to set a hearing within 30 days of his complaint on the issue of whether the sale of alcoholic liquor was legal in Shelbyville Township. By order entered June 20, 1979, the State Commission remanded the matter to the local Liquor Control Commissioner of Shelby County (Local Commissioner) for a hearing on the issue of whether Ramshaw had submitted a proper petition to the Local Commissioner. The order of remand stated that the remand did not preclude filing a new petition. After a hearing, the Local Commission concluded, by written order dated July 25, 1979, that the petition was deficient because it was not signed or sworn to by five residents of Shelby County and because it did not substantially charge a violation. It does not appear of record that the Local Commission's dismissal of Ramshaw's petition was appealed to the State Commission.

On August 28, 1980, a new complaint was filed with the county clerk of Shelby County, alleging that the township was "dry" and that licensees' licenses were therefore void. Ramshaw was not among the

complainants, although the complaint bears his seal as notary public. The Local Commission issued summons on the complaint. Robert and Patricia Ramshaw subsequently joined in the complaint as additional complainants. The Ramshaws and one other complainant appealed to the State Commission on September 29, 1980, contending that the Local Commission had failed to grant a hearing on the complaint within 30 days as required by section 8 of article VII of the Liquor Control Act (Ill. Rev. Stat. 1979, ch. 43, par. 153). The Local Commission was notified by letter by the State Commission regarding this appeal. On November 18, 1980, the Local Commission held a hearing on the complaint. On November 21, 1980, the Local Commission dismissed the complaint on the merits. No appeal from that dismissal appears of record. On November 26, 1980, the Local Commission moved to dismiss the September 29, 1980, appeal to the State Commission, urging that the appeal was moot because a hearing had been held and a decision returned.

Hearings were held before the State Commission on February 18 and April 22, 1981. By order of April 29, 1981, the State Commission remanded the matter to the Local Commission for a hearing on the merits. On May 6, 1981, the licensees filed a complaint for administrative review in the circuit court of Shelby County, alleging, *inter alia*, that the State Commission had lacked jurisdiction to remand the matter to the Local Commission. The licensees also unsuccessfully sought a stay of the order of remand. The Local Commission held a hearing on remand on June 1, 1981, and, on June 3, 1981, dismissed the complaint on the merits. Complainant Robert Ramshaw appealed this decision to the State Commission on June 8, 1981. After a hearing, the State Commission reversed the order of the Local Commission and declared the licensees' licenses void. The licensees' petition for rehearing was denied by the State Commission.

On September 3, 1981, the licensees filed a second complaint for administrative review in the circuit court, contesting, *inter alia*, the State Commission's jurisdiction to enter its most recent order. The circuit court consolidated this action with the administrative review action filed by the licensees on May 6, 1981. After hearings, the circuit court found that: (1) because the Local Commission's decision of November 21, 1980, had not been appealed in the manner and form provided by statute, the State Commission did not have jurisdiction to conduct proceedings on the matter; and (2) the State Commission's orders subsequent to that date were void. The State Commission appeals to this court from this decision.

We first consider the State Commission's challenge to the jurisdic-

tion of the circuit court. The State Commission urges that the circuit court was without jurisdiction of the appeal from the April 29, 1981, order of the State Commission which remanded the matter to the Local Commission for a hearing on the merits. The State Commission argues: (1) that the remand order was not "final" and hence not appealable under the provisions of sections 2 and 5 of the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, pars. 265, 268); and (2) alternatively, that the order could not be appealed if it were "final" because the complainants did not apply for a rehearing before the State Commission as required by section 8a of article VII of the Liquor Control Act (Ill. Rev. Stat. 1979, ch. 43, par. 154). The complainants argue that an application for rehearing was unnecessary to question the jurisdiction of the State Commission on appeal to the circuit court under the provisions of section 2 of the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 265).

■ We conclude, however, that we need not consider whether the circuit court lacked jurisdiction over the appeal from the State Commission's April 29, 1981, remand order. The record indicates that the circuit court's jurisdiction of the September 3, 1981, appeal is not in question; consequently, since defendants do not dispute the circuit court's jurisdiction of the September 3, 1981, appeal, that court could consider "all questions of law and of fact presented by the entire record before the court" under the provisions of section 11 of the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 274). We note that the circuit court did not address the merits of the appeal from the April 29, 1981, remand order until after the September 3, 1981, appeal was filed; therefore, the circuit court had jurisdiction to consider the same issues regardless of whether it had jurisdiction of the appeal from the remand order prior to September 3, 1981, appeal.

■ We next consider the licensees' contentions that the State Commission did not have jurisdiction to consider the merits of the issue as to whether the sale of alcoholic liquor was legal in Shelbyville Township.

The licensees urge that the Local Commission's order of July 25, 1979, dismissing Ramshaw's complaint became final and nonappealable because it was not appealed to the State Commission. The licensees argue that any proceedings on any level after the statutory time for appeal of that order had expired exceeded the grant of authority to the respective commissions by the legislature. We do not agree. The July 25, 1979, order was not a disposition on the merits. It was not final in form or effect. It set forth no defect in the complaint which could not have been cured by amendment. (*Cf. Martin v. Marks*

(1980), 80 Ill. App. 3d 915, 918, 400 N.E.2d 711, 713, holding that the circuit court's order striking a complaint or granting a motion to dismiss is generally not appealable absent words importing finality, *i.e.*, that plaintiff will not be allowed to plead over or that the litigation between the parties is terminated.) Complainants were not precluded from filing a subsequent timely petition requesting a hearing on the merits, and the Local Commission's entertainment of the August 28, 1980, complaint was proper.

■ Next, licensees contend that the State Commission did not have authority to consider the September 29, 1980, appeal from the Local Commission's failure to set a hearing within 30 days of the August 28, 1980, complaint. Section 8 of article VII of the Liquor Control Act states:

> "*** any order or action of a local liquor control commissioner granting or refusing to grant a license, revoking or suspending or refusing to revoke or suspend a license or refusing for more than 30 days to grant a hearing upon a complaint to revoke or suspend a license may within 20 days after notice of such order or action be appealed from by any resident of the political subdivision *** to the State Commission ***." Ill. Rev. Stat. 1979, ch. 43, par. 153.

The State Commission urges that an appealable refusal to grant a hearing occurred when, within 30 days of the filing of the August 28, 1980, complaint, the Local Commission merely issued summons to the licensees requiring their answer or appearance within 60 days and notified complainants that upon receipt of written appearance, answer or other pleading by the licensees, the Local Commission would determine whether or not the matter would be set for a hearing.

We are of the opinion that complainants' September 29, 1980, appeal based on failure to grant a hearing was premature at that point in time. The Local Commission had not expressly refused a hearing. Although no hearing had been promised or set, the Local Commission had merely delayed its decision whether to set the petition for hearing for a time certain while it gave the licensees an opportunity to file responsive pleadings if they wished. We find that action by the Local Commission to be reasonable in view of the fact that previously a similar petition had been filed with the Local Commission, by the State Commission, and dismissed by the Local Commission. The fact that a complaint requesting a hearing had been filed did not require the Local Commission to set a hearing within 30 days without further inquiry. The Local Commission was entitled to consider whether the complaint warranted a hearing. The existence and nature of the dis-

pute before the Local Commission may not properly have been discerned absent the benefit of any responsive pleadings the licensees may have chosen to file. Their answer might have disposed of the issues raised to the complaint either in favor of or against the complainants, rendering a full hearing unnecessary. While permitting a reasonable time for the filing of responsive pleadings prior to setting a hearing date would appear to be appropriate in most, if not all, matters before the Local Commission, it was uniquely appropriate here for the additional reason that a prior petition had already been dismissed by the Local Commission as being inadequate on its face.

Nothing in the Liquor Control Act cited to this court or found by us requires the contrary conclusion. While section 8 of article VII makes appealable the "refusal" to grant a hearing, there was no refusal in the case of the August 28, 1980, petition. Neither can it be said that the Local Commission created or encouraged an inordinate delay in acting on such complaint prior to the September 29, 1980, appeal. Although it may be said that within that time, the Local Commission "failed to grant" a hearing, there was no refusal. Had the legislature chosen to make "failure to grant" a hearing within 30 days of the filing of petition appealable, it could have done so. In that regard we find the legislature's choice of words in article VII, section 8 significant. We conclude that the action or inaction of the Local Commission as of September 29, 1980, was not appealable to the State Commission under the provisions of the Liquor Control Act. The matter was still pending before the Local Commission as of that time. In addition to the foregoing, the Local Commission's decision of November 21, 1980, regarding the merits of the August 28, 1980, petition was a final and appealable order and was never appealed. As the trial court correctly concluded, the State Commission had no authority to conduct further proceedings on the question whether Shelbyville Township was a "dry" area absent a timely appeal from that decision. (See Ill. Rev. Stat. 1979, ch. 43, par. 153.) Accordingly, the trial court properly determined that the State Commission's order reversing the Local Commission's determination in favor of the licensees was beyond the authority granted by the legislature to the State Commission.

For the foregoing reasons, the judgment of the circuit court of Shelby County is affirmed.

Affirmed.

JONES and KARNS, JJ., concur.