BARBARA JEANNE STEVENSON, n/k/a Barbara Jeanne Tompkins, Plaintiff-Appellee, *v.* LORING M. STEVENSON, Defendant-Appellant.

First District (3rd Division)   No. 62888

Opinion filed June 17, 1976.—Rehearing denied July 30, 1976.

Brizius & Nixon, of Chicago (Charles W. Nixon, of counsel), for appellant.

Arthur J. O'Donnell, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Pursuant to a petition brought by plaintiff, Barbara Jeanne Stevenson Tompkins, under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72), Judge John J. Crown of the circuit court of Cook County allowed a motion vacating a portion of a prior order entered by Judge Robert C. Buckley which had adjudged plaintiff to be in contempt of court. At the same time, Judge Crown refused to vacate that part of the prior order which had awarded defendant $2,000 in attorney's fees. Judge Crown awarded plaintiff $1,000 for attorney's fees in connection with the presentation of the section 72 petition. Defendant, Loring M. Stevenson, appeals from the orders vacating the finding that plaintiff was in contempt

of court and awarding her attorney's fees. Plaintiff has filed a cross-appeal from the order denying her motion to vacate the prior award of attorney's fees to defendant. Because of the nature of the appeal, it is necessary to set forth the chronology of the proceedings in some detail.

On October 27, 1961, plaintiff obtained a divorce from defendant. Among other conditions, the decree of divorce ordered defendant to convey the marital residence to plaintiff. The decree also contained the following pertinent provision which had been agreed on by the parties:

(F) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff shall also personally assume the responsibility for the payment of a note in the sum of $3,448.00 to Mrs. G. A. Stevenson, for improvements made to the aforementioned property. Said $3,448.00 is to be paid in full by the Plaintiff when the aforementioned real estate is sold. Said Plaintiff hereby agrees to save the Defendant harmless from any liability in connection with said obligation."

Mrs. G. A. Stevenson was defendant's mother.

On July 12, 1973, defendant filed a petition for a rule to show cause against plaintiff. The petition set forth the above paragraph of the decree; alleged that on March 1, 1973, plaintiff had sold the marital residence; that plaintiff, though requested to do so, wilfully refused to pay the $3,448 to Mrs. G. A. Stevenson; and that defendant had to retain counsel and was unable to pay attorney's fees. Plaintiff filed a motion to dismiss the petition for a rule on the grounds that defendant was not the payee on the note; that he had no interest in the note; that he had not demonstrated any damages; and that the statute of limitations had run on the note. After the court denied plaintiff's motion to dismiss the petition, she filed an answer in which she admitted the contents of the decree; further admitted that she had sold the residence on March 1, and that she had not paid Mrs. Stevenson. She denied that she had any duty to pay Mrs. Stevenson.

In response to plaintiff's request to admit facts, defendant filed an answer that he had seen a note dated August 1, 1957, payable to his mother for $4,000 at 4% interest payable at the rate of $25 per month; that he did not have the note in his possession; and that his mother had died subsequent to the last court hearing in July, 1973. On November 26, 1973, plaintiff's counsel filed a memorandum with the court reciting that the payee had not made a claim against plaintiff on the note; that now the payee was dead, and there was no access or evidence as to the note.

On December 18, 1973, a hearing was conducted on defendant's petition for a rule. Defendant testified that he had signed the note payable to his mother and had kept up the payments until the divorce. Plaintiff had not signed the note. After defendant had signed the note, he gave it to his mother and did not recall seeing it thereafter. Before July 1973, he had

asked his mother about the note but she was unable to find it. After his mother died, defendant inquired of his mother's executrix about the note, but she could not find it. A memorandum book belonging to the mother and reflecting defendant's payments on the note prior to the divorce was introduced as secondary evidence. Defendant also testified that he had not been required to expend any further money on the note and that he did not know whether the note had been assigned or conveyed.

Plaintiff testified that the only demand for payment on the note had been relayed to her present husband by defendant. She had read the property agreement at the time of the divorce. When plaintiff's counsel observed that no action had been taken on the note, the trial judge replied that the $3,448 was to be paid in full by plaintiff when the real estate was sold.

On December 20, 1973, the trial court found plaintiff to be in contempt of court for the wilful failure to pay the $3,448 under the decree of October 27, 1961. Judge Buckley further ordered that plaintiff be taken into custody until she purged herself by paying the amount to the executrix of the estate of Mrs. Stevenson. The trial court stayed the mittimus, and a notice of appeal was filed by plaintiff on January 16, 1974.

On March 5, 1974, the trial court conducted a hearing on fees and awarded $2,000 in fees to defendant's attorney. At that hearing, defendant testified that he was entitled to one-third of his mother's estate. Subsequently, the trial court denied plaintiff's motion to vacate the award of fees to defendant, and, on May 1, 1974, another notice of appeal was filed by plaintiff. On November 7, 1974, this court dismissed plaintiff's appeals for failure to file a record on appeal.

On January 7, 1975, defendant filed a petition in the trial court requesting that plaintiff be taken into custody with mittimus to issue. On February 3, 1975, plaintiff filed a petition under section 72 of the Civil Practice Act to vacate the previous orders. The petition alleged that defendant had failed to set forth any claim upon which relief could be granted in that he was not the payee or holder of the note, and that he had no right or interest in the subject matter; that defendant had not suffered any loss and that any action was barred by the statute of limitations. The section 72 petition also alleged that there were new facts which if known to the trial court at the time of the entry of order of contempt would have precluded its entry. The petition, supported by affidavits, recited that the new facts were that after the dismissal of the appeal, plaintiff's counsel had telephoned defendant's counsel and requested the note in order that plaintiff might purge herself of contempt. The petition further stated that for the first time he was informed by defendant's counsel that the note was not available; that neither counsel nor defendant knew where the note was; that a search of the mother's possessions failed to disclose the

existence of the note and it could not be tendered.

Defendant filed a motion to dismiss plaintiff's section 72 petition on the grounds that no new facts existed, and that all the facts alleged to be new were known to the trial court and to plaintiff before the entry of the contempt order. Defendant also filed a memorandum which stated that plaintiff was attempting to use a section 72 petition in lieu of an appeal; and that the court, on December 20, 1973, had jurisdiction of the parties and jurisdiction to enforce the decree when it entered its order.

Judge Buckley transferred the section 72 petition to the presiding judge of the divorce division. The presiding judge assigned the petition to Judge Crown.

After hearing argument and considering briefs, Judge Crown, on June 12, 1975, vacated the contempt order of December 20, 1973. In so doing, the judge found that defendant "has not now nor had he ever standing to enforce the $3,448.00 portion of the Decree." The judge also found that the note in question was "either discharged, mislaid, lost or otherwise destroyed and is not available," and that had Judge Buckley known the new facts about the missing note he could not have found plaintiff in contempt of court. Judge Crown further found that the $2,000 in attorney's fees which had been awarded by Judge Buckley had vested and could not be disturbed. Judge Crown also awarded $1,000 for attorney's fees in connection with the presentation of the section 72 petition.

Defendant contends that the trial court erred in granting relief to plaintiff under section 72 of the Civil Practice Act. Defendant initially challenges the court's finding that he did not have sufficient interest or standing to have brought the petition for a rule against plaintiff.

We are of the view that Judge Buckley correctly held that defendant had sufficient interest to bring the action to compel plaintiff to comply with the terms of a divorce decree, in which she agreed to pay $3,448.00 to Mrs. Stevenson when the marital residence was sold. However, in this opinion, we do not intend to reach the correctness of Judge Buckley's decision.

■■ We recognize that section 72 has been fashioned to afford courts equitable powers to grant relief where necessary to prevent injustice. (*Ellman v. De Ruiter* (1952), 412 Ill. 285, 106 N.E.2d 350.) However, a motion under section 72 cannot be used as a substitute for appeal (*Lacey v. Lacey* (1974), 24 Ill. App. 3d 776, 321 N.E.2d 524), nor can it be used to relitigate matters already adjudicated. (*Brunswick v. Mandel* (1973), 15 Ill. App. 3d 502, 305 N.E.2d 9.) Section 72 petitions have the limited function of bringing to the attention of the court errors of fact of such character as would have prevented rendition of the judgment. (*People v. Bishop* (1953), 1 Ill. 2d 60, 114 N.E.2d 566.) Unless the errors of law are

apparent on the face of the judgment or order, section 72 applies only to errors of fact and not to errors of law committed by the trial court. See *Department of Revenue v. Joch* (1951), 410 Ill. 308, 102 N.E.2d 155.

■■ In the present case, the issue of defendant's standing was presented directly to Judge Buckley. Plaintiff had filed a motion to dismiss defendant's petition for a rule to show cause, setting forth as one of her grounds that defendant had failed to show any interest so as to give him the right to seek the relief in question. Judge Buckley denied plaintiff's motion to dismiss the petition and eventually entered an order adjudging plaintiff to be in contempt and directing how she could purge herself of that contempt. After that order had been entered, plaintiff could challenge defendant's standing or interest only by appeal, not be attempting to relitigate the finding through a section 72 petition.

Judge Crown also vacated the prior order on the ground that had Judge Buckley known the new facts that the note was missing, the order of contempt would not have been entered. Defendant suggests that the presence of the note is irrelevant since Judge Buckley's order was based upon enforcement of the terms of the divorce decree rather than upon the note. However, the simple answer is that plaintiff did not recite any new facts in her section 72 petition. In the proceedings before Judge Buckley, defendant, both by written admission and in oral testimony, stated flatly that he did not have the note in his possession. He also stated that he did not recall having seen the note in 16 years, and that prior to his mother's death, he asked her about the note but she was unable to find it. Defendant further testified that he had inquired of the executrix of his mother's estate, but that the executrix was unable to locate it. There was no suggestion in defendant's presentation that the missing note would be discovered. Nor did Judge Buckley's order reflect a belief that the note eventually would be found. Indeed, at the hearing, secondary evidence regarding the note was allowed into evidence. Furthermore, prior to the hearing, plaintiff's counsel had filed a memorandum of law in which he argued that Mrs. Stevenson's death rendered the note inaccessible. We conclude that the trial judge erred in granting relief to plaintiff under section 72 and in vacating the prior order adjudging her to be in contempt of court for wilful refusal to pay $3,448 to the executrix of the estate of Mrs. G. A. Stevenson.

■■ Defendant also contends that the court erred in awarding plaintiff $1,000 for attorney's fees in connection with the presentation of the section 72 petition. We agree. Plaintiff did not request attorney's fees in her section 72 petition. The trial court did not conduct any hearing regarding the award of fees to plaintiff, nor was any evidence adduced. It was error to award plaintiff attorney's fees.

Plaintiff has also filed a cross-appeal from Judge Crown's denial of that

portion of the prior order which awarded defendant $2,000 in attorney's fees. As we have already discussed, section 72 petitions cannot be used to relitigate matters already validly adjudicated. After Judge Buckley's award of attorney's fees to defendant, plaintiff's sole remedy was that of appeal. Judge Crown correctly refused to vacate that portion of the prior order in a section 72 proceedings.

For the reasons stated, the order of the circuit court of Cook County vacating the prior order of December 20, 1973, adjudging plaintiff to be in contempt of court is reversed, and the cause is remanded for further proceedings consistent with the holdings of this opinion. The order awarding fees to plaintiff's attorney is reversed. The order denying plaintiff's petition to vacate an award of attorney's fees to defendant is affirmed.

Affirmed in part; reversed in part; reversed and remanded in part.

MEJDA, P. J., and McGLOON, J., concur.