ESTHER CUNTZ, Plaintiff-Appellant, *v.* JOHN F. GLEASON, M.D., *et al.,* Defendants.—(JOHN F. GLEASON, M.D., Defendant-Appellee.)

First District (3rd Division)   No. 78-935

Opinion filed January 10, 1979.

Kenneth A. Green, of Chicago, for appellant.

Kralovec, Sweeney, Marquard & Doyle, of Chicago (Charles V. Kralovec and Michael T. Sprengnether, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Esther Cuntz, brought a medical malpractice action against defendants Doctor John F. Gleason and Ravenswood Hospital. The trial court dismissed the complaint against Ravenswood. (Plaintiff did not appeal that order, and its propriety is not involved in the present appeal.) On February 3, 1976, the trial court also dismissed the complaint against Gleason because of plaintiff's failure to obtain medical expert witnesses to testify in her behalf. On February 1, 1978, plaintiff, pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), filed a

petition to vacate the dismissal order. Plaintiff appeals from the trial court's denial of the petition to vacate the order of dismissal.

On October 21, 1975, at a pretrial conference, the court ordered plaintiff to disclose the name of her expert medical witness to Gleason's counsel and granted the latter leave to take the expert's deposition. At another pretrial conference, attended by counsel for both parties and by the plaintiff herself, the court reviewed the deposition testimony of the expert witness, Doctor James Nuzzo, a podiatrist. On February 3, 1976, Gleason presented two motions to the court: a motion *in limine* to bar plaintiff from calling Nuzzo as an expert medical witness and a motion to bar plaintiff from presenting any additional expert medical witnesses who had not been disclosed to Gleason's counsel. The trial court allowed both motions and dismissed plaintiff's action against Gleason. At the same time, the court ordered the depositions of plaintiff, Gleason, and Nuzzo to be filed as part of the record. Both attorneys were present at the time of the dismissal.

On February 1, 1978, plaintiff, represented by new counsel, filed her section 72 petition to vacate the dismissal. The thrust of the petition was that if the trial court had been aware of the qualifications of Dr. Nuzzo and aware of the contents of his deposition, it would not have barred his testimony as an expert medical witness. The petition listed those qualifications, including the fact that he held a surgical residency and performed foot surgery every day. Gleason filed an answer to the petition, including an affidavit, stating that the court had knowledge of Nuzzo's qualifications and of the contents of his deposition testimony. During a colloquy at the hearing on the section 72 petition, the trial judge informed plaintiff's new counsel that he had read Nuzzo's deposition before entering the order. The judge also stated that he had ordered the deposition filed as part of the record to record the basis for his decision. The judge then denied plaintiff's petition to vacate the order of dismissal.

■■ In *Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719, the supreme court set forth at page 467 the nature of the showing required of litigants who seek to avail themselves of section 72 relief:

> "Section 72 of the Civil Practice Act substitutes a simple remedy by petition for various forms of post-trial relief and enables a party to bring before the court rendering a judgment matters of fact which, if known to the court at the time judgment was entered, would have prevented its rendition. (*Brockmeyer v. Duncan*, 18 Ill. 2d 502; *Glenn v. People*, 9 Ill. 2d 335.) However, a party may not avail himself of the remedy provided by section 72 'unless he shows that through no fault or negligence of his own, the error of

fact or the existence of a valid defense was not made to appear to the trial court. [Citations.] Such a motion or petition is not intended to relieve a party from the consequences of his own mistake or negligence.' (*Brockmeyer v. Duncan*, 18 Ill. 2d 502, 505.) The burden is upon the petitioner under section 72 to allege and prove the facts justifying relief."

If more than 30 days have elapsed after entry of a judgment, the movant, despite the equitable nature of section 72, must show a reasonable excuse for failure to file the motion within 30 days. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294.) Moreover, section 72 may not be used as a substitute for a right to appeal for a party who has not been diligent. *Stevenson v. Stevenson* (1976), 40 Ill. App. 3d 10, 351 N.E.2d 238; *Fisher v. Rhodes* (1974), 22 Ill. App. 3d 978, 317 N.E.2d 604.

■■ ■ The trial court correctly held that plaintiff was not entitled to section 72 relief. She failed to demonstrate that she was free from any fault or mistake in the entry of judgment, nor did she exhibit or even suggest any diligence in seeking that relief. Plaintiff's counsel was present when the order of dismissal was entered. Plaintiff knew of the order but, rather than appeal that adverse ruling of the trial court, chose to wait almost two years to seek to vacate the order. Moreover, while in her petition and in her brief plaintiff insists that she brought to the trial court's attention new facts warranting relief, she actually seeks appellate review of the trial court's determination that Nuzzo did not qualify as an expert witness. Since she chose not to appeal that order, she may not now challenge what was a determination of law, not of fact.

For the reasons stated, the judgment of the circuit court of Cook County dismissing plaintiff's complaint is affirmed.

Judgment affirmed.

SIMON, P. J., and McGILLICUDDY, J., concur.