MARVIN J. CHEBNY *et al.*, Plaintiffs-Appellees, *v.* JAMES H. STUART, Defendant-Appellant.

First District (5th Division)    No. 77-1392

Opinion filed January 12, 1979.

Albert A. Klest and Alan Pearlman, both of Park Ridge (James Etchingham, of counsel), for appellant.

James J. Reagan, of Northbrook, for appellees.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In an action for forcible entry and detainer, the trial court granted possession of certain real estate to plaintiffs but refused to rule on other matters which had been raised by the parties. On appeal, defendant contends that (1) the trial court erred because the contract upon which it based its judgment had been rescinded; and (2) the judgment was against the manifest weight of the evidence.

In June of 1975, plaintiffs entered into an agreement to sell a parcel of improved residential real estate to defendant for $23,000 upon an installment contract which provided that defendant make a down payment of $5,000 and monthly payments of $385, which included reserves for the payment of insurance premiums and real estate taxes and that plaintiffs convey title to the subject property by warranty deed when defendant's payments were completed.

Defendant paid each and every installment to and including the one due on October 1, 1976. Then, on October 18, plaintiffs and defendant entered into a contract to convey the subject property to James and Nancy Miller (hereafter the Miller contract) for a purchase price of $26,000. While awaiting the closing of the Miller contract, defendant remained in possession of the property without paying either the installments as they became due under his June 1975 contract or rent for the use of the premises.

In March of 1977, plaintiffs brought suit alleging that defendant had defaulted under the terms of the June 1975 contract of sale and was unlawfully withholding possession of the property. They asked for possession and damages in the amount of installments remaining unpaid, plus interest. In his answer, defendant denied being in default or that he wrongfully withheld possession. In a counterclaim, defendant alleged that he and the Millers were ready, willing and able to perform the contract but that plaintiffs had failed to clear title in preparation for conveyance to the Millers; that this failure constituted a breach of the June 1975 contract; that the monies paid by defendant as principal and interest pursuant to that contract had not been used by plaintiffs to reduce a preexisting mortgage, resulting in default thereon and a cloud on title;

that plaintiffs had failed to apply insurance and real estate tax reserves as required by the contract; that as a result of plaintiffs' acts and omissions the Millers had demanded the return of their earnest money, causing defendant to lose the benefit of the contract with the Millers; and that defendant has without interruption paid the utility bills on the subject property. As damages, defendant sought $3,000 (the amount he allegedly lost by plaintiffs' alleged breach of the Miller contract), reimbursement of the utility expenses paid by defendant after the date set for conveyance to the Millers, and interest upon these amounts together with attorney's fees and costs.

At trial, while the testimony centered around defendant's discontinuance of payments under the June 1975 contract, both contracts were attached as exhibits to pleadings and were before the court. After closing arguments, the trial court—noting that the suit was a summary proceeding for possession—found that all matters not relating directly to possession would not be considered; that only the question of whether defendant had discontinued payments under his June agreement was germane; and because such payments had in fact been discontinued after October 1, 1976, that plaintiffs were entitled to possession. It ordered defendant to return possession to plaintiffs and expressly declined to make a ruling as to the other matters before it. Subsequent thereto, the property was conveyed to the Millers. After defendant filed this appeal, plaintiffs moved to dismiss it on grounds that the question of possession as between themselves and defendant was now moot. This motion was taken with the case and remains pending.

OPINION

We will first consider plaintiffs' motion to dismiss this appeal, which is grounded on the contention that the conveyance by the parties in January 1978, granted the Millers the exclusive right of possession to the property. Defendant does not contest the right of the Millers to possession, but he argues that the trial court's order granting possession to plaintiff might result in a forfeiture of the amounts he paid under the June 1975 installment contract and that this would be a collateral legal consequence requiring review by this court.

■■ As we noted in *Kraut v. Rachford* (1977), 51 Ill. App. 3d 206, 217-18, 366 N.E.2d 497, 505-06:

"An appeal will be dismissed where a reviewing court has notice of facts which demonstrate that only moot questions or abstract propositions are involved. [Citation.]

'[A] moot question is one that existed, but, because of the happening of certain events, has ceased to exist and no longer presents an actual controversy over interest [*sic*] or

rights of the parties. An abstract question is one in existence, but for which no effectual relief can be granted.

* * * "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' [Citation.]
* * *

[An] exception is made, however, where collateral legal consequences survive the expiration of an order under review. [Citation.]"

Here, however, we see no such collateral legal consequence, as we believe the reasoning of *Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 263 N.E.2d 833, *appeal dismissed* (1970), 401 U.S. 928, 28 L. Ed. 2d 209, 91 S. Ct. 924, is controlling. *Rosewood* involved numerous forcible entry and detainer actions brought against certain contract buyers who withheld their installment payments after making self-determinations that the contracts were unconscionable because of the sellers' conduct. The buyers contended that their failure to make payments pursuant to unconscionable contracts did not entitle the contract sellers to possession of the realty and, alternatively, that they were entitled to rescission of such contracts and restitution of the amounts paid under them. However, the trial court found for the sellers and entered judgments granting possession to them.

■■ The Illinois Supreme Court reversed, stating that where "the right to possession [which] a plaintiff seeks to assert has its source in an installment contract for the purchase of real estate by the defendant, * * * it must necessarily follow that the matters which go to the validity and enforcibility [*sic*] of that contract are germane, or relevant, to a determination of the right to possession." (46 Ill. 2d 249, 256-57, 263 N.E.2d 833, 838.) The reasoning underlying this holding took into account the unique position of a contract buyer who, as the court said, became "the equitable owner of the property upon execution of an installment contract [citation], and thus * * * may be stripped of his equitable ownership as well as possession. [Furthermore], the contract purchaser is faced not only with the loss of possession, but, unlike a tenant, trespasser or squatter, is likewise faced with the loss of the equity accumulated by payments made on the contract." (46 Ill. 2d 249, 257, 263 N.E.2d 833, 838.) The *Rosewood* court noted that while its decision eroded the summary nature of the remedy when it is invoked against a contract buyer who raises the invalidity and enforceability of the contract, such an erosion is

necessary as the buyer is entitled to the consideration of these questions in the same proceeding in which the right to possession is adjudicated.

■■ In the instant case, plaintiffs sought an order of possession on grounds that defendant had defaulted on the June 1975 installment contract by failing to make monthly payments after October 1, 1976. The Miller contract of October 18 by which the parties agreed to convey their interest in the subject property raised questions as to the enforceability of the June contract and the restitution of amounts paid under that contract. (See *Shay v. Penrose* (1962), 25 Ill. 2d 447, 185 N.E.2d 218; *Bennett v. Adams* (Mo. App. 1951), 238 S.W.2d 442; 12 Ill. L. & Prac. *Contracts* §327 (1955).) We note that the trial court's order of possession was expressly based upon its determination that only defendant's failure to perform according to the terms of the June contract was relevant. Thus, inasmuch as the issue of possession was decided without consideration of the questions of the enforceability of the June contract or defendant's right to restitution, the application of the reasoning of *Rosewood* leads us to conclude that the amounts paid under the June contract were not forfeited and apparently remain pending. It thus follows that there are no collateral legal consequences and, in view thereof, we hold that the question of the propriety of the order granting possession to plaintiffs is moot.

■■ Moreover, because the questions of enforceability and restitution were not decided by the trial court, and because under *Rosewood* they should have been determined in conjunction with the issue of possession, it cannot be said that the order of possession disposed of the rights of the parties either upon the entire controversy or some definite or separate part of it. Therefore, we are of the opinion that the order does not meet the requirements of Supreme Court Rule 304(a) or (b) and is not an appealable order. Ill. Rev. Stat. 1977, ch. 110A, par. 304.

For the reasons stated, this appeal is dismissed.

Appeal dismissed.

LORENZ and WILSON, JJ., concur.