ED HOFFMAN EXCAVATING, INC., Plaintiff-Appellant, *v.* WARCHOL CONSTRUCTION CO., INC., *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 79-1320

Opinion filed December 18, 1979.

Solomon, Rosenfeld, Elliott, Stiefel & Engerman, Ltd., of Chicago, for appellant.

Louis C. Warchol, of Chicago, for appellee Warchol Construction Co., Inc.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

The threshold question raised in this appeal is whether the order entered by the circuit court of Cook County on May 30, 1979, which stated that it was "final and appealable" but did not make an express written finding that there is no just reason for delaying enforcement or appeal under Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)) can be deemed to have effectively created a basis upon which this appeal may proceed. For the reasons hereinafter stated, we find that the appeal must be dismissed.

The litigation commenced with the filing of a complaint for accounting and other relief by plaintiff Ed Hoffman Excavating, Inc. (hereinafter "Hoffman"), based upon a written contract between itself and one of the defendants, Warchol Construction Co., Inc. (hereinafter "Warchol"), a general contractor, under which Hoffman was to perform earth work in preparation for the construction of the Fourth District Police Station at Luella Avenue and 103rd Street in Chicago. Also made a defendant is the Public Building Commission of Chicago (hereinafter "PBC") which was alleged to have entered into a contract between itself and Warchol, the latter having agreed to furnish all labor and materials necessary for the construction of the police station for PBC. Hoffman claimed that it furnished certain extra labor and materials for use in connection with the construction of the police station in the amount of $133,196.19 in addition to the contract price of $91,500. Warchol's motion to strike the complaint, release the claim for lien, or in the alternative a motion for partial summary judgment, was granted in part and the trial court reduced the claim for lien to $47,600. Hoffman thereafter filed an amended complaint in four separate counts, all based upon the written contract between Hoffman and Warchol.

Count I of the amended complaint implicitly admitted that all work had not been completed by Hoffman under the contract, but alleged that it had performed work valued at $62,000 for which it was paid the sum of $43,800. Hoffman further admitted that the unspecified extras of $133,196 were not authorized in writing but were allegedly the subject of an oral contract between itself and Warchol. Count I further claimed a lien for $180,856 under section 23 of the Illinois Mechanics Lien Act (Ill. Rev. Stat. 1977, ch. 82, par. 23), from funds owed to Warchol and held by PBC. Count II, based upon the contract between Hoffman and Warchol, seeks a money judgment against Warchol alone in the amount of $180,856 after repeating and realleging 12 paragraphs of count I, apparently as a breach-of-contract count. Count III repeats and realleges the allegations of count II but seeks judgment against both Warchol and PBC in the amount of $180,856, again apparently based upon breach of contract. Count IV repeats and realleges 12 of the 14 paragraphs of count I, alleging Warchol's breach of the contract, claiming a section 23 lien on funds due Warchol from PBC, and seeking an accounting, a lien on money, bonds or warrants due from PBC to Warchol and, in the event of nonpayment of such amounts by Warchol, that the PBC be ordered to pay Hoffman in satisfaction of the amount found to be due to it from Warchol and for other relief.

The written contract upon which the amended complaint is based contains, in part, the following language in Article 16:

"The Sub-contractor [Hoffman] further covenants and agrees

that at no time during the pendency of the work herein contemplated shall the Sub-contractor file any notice of mechanic's lien for labor or materials and said Sub-contractor further covenants and agrees that no notice of mechanic's lien shall ever be filed hereunder, unless forty-five days have passed from the date of the acceptance of the completed work by the General Contractor [Warchol], and then only upon the failure of the General Contractor to pay the final amount due."

Warchol filed its motion to strike the amended complaint, dismiss the lawsuit and release the claim for lien and other relief, based in part upon the language in Article 16 of the contract above quoted and upon an affidavit filed in support thereof in which Ray Jensen, general superintendent of Warchol, claims that he has knowledge of and was familiar with the work being done by Hoffman; that Hoffman refused to complete the work and abandoned the work required under the contract, the affidavit setting forth the value of the work remaining to be completed amounting to $77,000; and that the work that had been completed by Hoffman had not been accepted by Warchol, as required by the contract, before the mechanic's lien claim could have been presented.

The order entered by the trial court on May 30, 1979, found that counts I and IV were premature by virtue of the terms of the contract between Hoffman and Warchol and those counts were stricken. The court authorized and directed PBC to release to Warchol any and all funds withheld from the latter pursuant to Hoffman's notice of lien. Counts II and III of the amended complaint were permitted to stand and Warchol was directed to file an answer thereto. It is from this order that the appeal is taken. Warchol moves to dismiss the appeal.

■■■ From the foregoing circumstances it is clear that the order of May 30 does not terminate the litigation between the parties. Two counts based upon the same contract as the two which were stricken are unaffected by the Article 16 language which is alleged to have made the claims for mechanic's lien premature. Hoffman may yet prevail on counts II or III and secure all the relief it seeks. Therefore, even had the order recited that no just reason for delaying enforcement or appeal existed, the appeal would still be premature. (*Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.* (1976), 63 Ill. 2d 61, 66, 344 N.E.2d 461.) To be final and appealable, the judgment must conclude the litigation between the parties on its merits so that only execution of the judgment remains to be accomplished if the judgment is affirmed on appeal. (*Coble v. Chicago Health Club, Inc.* (1977), 53 Ill. App. 3d 1019, 1020, 369 N.E.2d 188.) The inclusion therefore of a statement that the order is "final and appealable," even if accompanied by a section 304(a) finding by the trial court, would not confer appellate jurisdiction when the order reveals, as here, that the

litigation between the parties is still viable. (*Pinelli v. Alpine Development Corp.* (1979), 70 Ill. App. 3d 980, 1008, 388 N.E.2d 943.) The appeal must therefore be dismissed.

Hoffman does not strongly contend for a contrary result, but argues that if the order from which it appeals is not final, then PBC should not have released the funds it was holding to Warchol and PBC should be ordered and directed by this court to retain those funds pending final determination of this action. We find no basis upon which we can entertain Hoffman's request, which properly should be presented to the trial court.

For the foregoing reasons, the appeal must be dismissed.

Dismissed.

STAMOS, P. J., and PERLIN, J., concur.