BOARD OF MANAGERS OF DUNBAR LAKES CONDOMINIUM
ASSOCIATION II, Plaintiff-Appellant, *v.* THOMAS BERINGER,
Defendant-Appellee.

First District (2nd Division)    No. 80-957

Opinion filed March 24, 1981.

John W. Hansen, Jr., of Rudd & Dickler, Ltd., of Schaumburg (Donnie Rudd, Marshall N. Dickler, William K. Coyle, Jr., and Robert E. Pehlke, of counsel), for appellant.

E. William Maloney, Jr., of Kearney & Phelan, Ltd., of Chicago, for appellee.

Mr. PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

This appeal is taken from the trial court's order granting defendant Thomas Beringer's section 72 petition (Ill. Rev. Stat. 1979, ch. 110, par. 72) to vacate a default order obtained by plaintiff board of managers under the Forcible Entry and Detainer Act (hereinafter the Act) (Ill. Rev. Stat. 1979, ch. 57, par. 1 *et seq.*). We affirm for the reasons which follow.

Defendant owns a condominium unit in fee simple located in the Dunbar Lakes Condominium Complex II, Schaumburg, Illinois. An owner's rights and obligations concerning condominium units are set forth in the "Declaration of Ownership", a document included in the record, under which the subject condominium development was created and submitted to the provisions of the Illinois Condominium Property Act (Ill. Rev. Stat. 1979, ch. 30, par. 301 *et seq.*). The declaration vests authority in plaintiff board to provide various management and maintenance services for common elements of the complex and charges plaintiff with the responsibility of collecting assessments from the owners to finance the expenses associated with those services.

The controversy involved herein began in January and February of 1979 when defendant withheld payment for his proportionate share of the expenses, assessed at $64.25 per month, as a result of what he characterized as "inadequate management services" by plaintiff during those two months. Thereafter defendant made timely payments for subsequent proportionate expense assessments but refused to submit payments for January and February. On September 24, 1979, plaintiff sent a letter to defendant demanding $188 for the two delinquent payments plus the associated late charges and attorney's fees accrued to that date. On October 31, 1979, plaintiff sent defendant a written demand for possession of the unit and on November 1, 1979, filed a complaint pursuant to section

13.1 of the Act (Ill. Rev. Stat. 1979, ch. 57, par. 13.1). Section 13.1 provides in pertinent part that where the defendant unit owner fails to timely pay the plaintiff board

"* * * his proportionate share of the expenses of administration, maintenance and repair of the common elements, or of any other expenses lawfully agreed upon, and if the court finds that such expenses are due to the plaintiff, the plaintiff shall be entitled to the possession of the whole of the premises claimed, and he shall have judgment for the possession thereof and for the amount found due by the court together with reasonable attorney's fees, if any, and for his costs; the court, by order, shall stay the enforcement of the judgment for a period of not less than 60 days from the date of the judgment and may stay the enforcement of the judgment for a period of not to exceed 180 days from such date. If at any time either during or after such period of stay defendant pays such expenses found due by the court, plus costs, and reasonable attorney's fees as fixed by the court, defendant may file a motion to vacate the judgment in the court in which the judgment was entered, and, if the court, upon the hearing of such motion, is satisfied that such default in payment of his proportionate share of expenses has been cured, such judgment shall be vacated."

The record includes a summons, with proof of personal service on defendant on November 3, 1979, requiring him to appear before the trial court on November 15, 1979. Defendant failed to appear as required and a default order was entered against him. The order provided that a writ of restitution should issue giving possession of the unit to plaintiff and that plaintiff was entitled to the "costs" expended, but no amount was specified. The order concluded that the writ be stayed for 60 days. Thereafter, plaintiff never requested a judicial determination of the amount owing from defendant for proportionate expenses plus costs and attorney's fees, if any, and a judgment thereon was subsequently never entered.

On February 8, 1980, defendant sought to vacate the default order by filing a motion to quash summons under section 20 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 20) alleging that he had not received service of process to appear on November 15, 1979. On February 11, 1980, plaintiff moved to strike defendant's motion, arguing the defendant could not properly move to quash summons at this point in the proceedings but rather must proceed under section 72 of the Civil Practice Act. On February 15, 1980, the trial court granted plaintiff's motion, and defendant then filed a section 72 petition to vacate the November 15, 1979, default order. Defendant alleged therein that his failure to appear at the November 15 hearing was excusable because he had not received summons;

and that the previously unpaid assessments had been paid on November 5, 1979.

Attached to the petition was a copy of defendant's $304.05 personal check to plaintiff as payment for the two delinquent months ($128.50) plus late charges ($48.50) and attorney's fees ($62.80) accrued to date as well as the ordinary monthly assessments of $64.25 for the month of November[1]. Defendant's petition alleged that plaintiff endorsed and deposited the check in its bank account on November 10, 1979, but the exhibit, while showing that it had been credited to plaintiff's account, was unclear as to the date of deposit. Also attached to the petition was defendant's affidavit that he had not received summons. Plaintiff's response to the petition posited that defendant could not rebut the presumption of service arising from the sheriff's return by merely submitting his own affidavit denying service; and that while defendant's check had been received and endorsed by plaintiff prior to November 15, plaintiff was in fact unaware of the payment until November 19 because defendant had negligently sent the check to plaintiff's current assessment department rather than plaintiff's late assessment department, in contravention of specific instructions as to the manner of payment.

On March 4, 1980, the trial court held that while due diligence or excusable neglect had not been shown because of the unrebutted proof of service, the November 15 default order would be vacated and a hearing conducted to determine the amount of defendant's arrearages and whether they had been satisfied.

■■■ Plaintiff appeals asserting that the trial court improperly granted the section 72 petition because defendant failed to show due diligence. In our opinion, section 72 has no application to these facts for the following reasons. An action commenced under the Act is governed by the rules of procedure provided for in the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 1, *et seq.*) except as otherwise provided in the Act (Ill. Rev. Stat. 1979, ch. 57, par. 11). A court entertaining a forcible entry and detainer action is a court of special and limited jurisdiction for that proceeding and is required to comply with the procedure prescribed by that statute. (*Clark Oil & Refining Corp. v. Banks* (1975), 34 Ill. App. 3d 67, 71, 339 N.E.2d 283.) Sections 2, 3, 5 and 13.1 of the Act establish the procedural mechanism which a board of managers can utilize to acquire possession of a condominium unit when the owner has failed to pay his proportionate expenses. Once the action has been commenced under sections 2, 3 and 5, section 13.1 anticipates that a hearing will be held to determine whether defendant has failed to pay his proportionate expenses and, in the event

---

[1] This breakdown is apparent from plaintiff's compilation of defendant's account submitted by plaintiff on March 21, 1980, in response to defendant's demand for a bill of particulars.

such a deficiency does exist, plaintiff is entitled to judgment for possession as well as judgment for the unpaid proportionate expenses plus costs and attorney's fees as fixed by the court. Thereafter, defendant can obtain a vacatur "\* \* \* at any time either during or after such period of stay \* \* \*" by showing that the total judgment amount has been paid.

Section 13.1 does not, however, specifically provide for a situation as presented here, in which the original order for possession is entered pursuant to defendant's default by nonappearance and the judgment fails to include the amount of proportionate expenses plus costs and attorney's fees. The absence of this latter determination creates an anomalous situation. Had the judgment, whether entered pursuant to a full adversary hearing or by default, indicated the amount owing for proportionate expenses, costs, and attorney's fees, defendant could have thereafter sought vacatur under section 13.1 by proof of payment of these judicially determined amounts, within the period of the stay entered or beyond its limits. The failure of the November 15 order, or any subsequent order, to specify the total amount due precluded defendant from conforming with the letter of section 13.1. Defendant sought vacatur through a section 72 petition by virtue of the trial court's allowance of plaintiff's motion to strike defendant's motion to quash summons and claiming payment of the amount he believed was owing. There was no allegation of payment of plaintiff's costs or attorney's fees associated with the November 15 default nor could there be, as none were set by the November 15, 1979, order.

■■■ A trial court is without jurisdiction to vacate an order more than 30 days after it comes final and appealable (*Lurie Co. v. Teichner* (1978), 63 Ill. App. 3d 950, 380 N.E.2d 959; *Danaher v. Knightsbridge Co.* (1978), 56 Ill. App. 3d 977, 372 N.E.2d 862); however, it retains the inherent power to review an order before it becomes final or within 30 days thereafter (*Waldorf v. Marlas* (1977), 56 Ill. App. 3d 358, 371 N.E.2d 1021). The order of November 15, 1979, failed to fix and dispose of the rights of the parties concerning the issues to be determined. (*Ed Hoffman Excavating, Inc. v. Warchol Construction Co.* (1979), 79 Ill. App. 3d 676, 678-79, 398 N.E.2d 939; *All Brake & Drive Unit Service, Inc. v. Peterson* (1979), 69 Ill. App. 3d 594, 388 N.E.2d 93.) The failure of the order to establish a complete determination of plaintiff's statutory rights against defendant, and to concomitantly identify the necessary precondition to defendant's right to vacate, rendered the order incomplete and therefore not final. (See *Chebny v. Stuart* (1979), 68 Ill. App. 3d 419, 423, 386 N.E.2d 352; *Wheeler Tractor & Equipment Co. v. Myers* (1976), 39 Ill. App. 3d 735, 738, 350 N.E.2d 562.) In this type of case, the statutory determination of expenses, costs or fees cannot be considered a ministerial accounting which would not effect the finality of the order, but rather is a matter of

substantial controversy which has not been resolved. See, *e.g.*, *O'Donnell v. Sears, Roebuck & Co.* (1979), 71 Ill. App. 3d 1, 5, 388 N.E.2d 1073.

■■ On remand, plaintiff will have the burden of showing the amount of proportionate expenses owing prior to the November 15 default as well as the reasonable costs and attorney's fees, if any, associated with the acquisition of the default order. (Ill. Rev. Stat. 1979, ch. 57, par. 13.1; *Stevenson v. Stevenson* (1976), 40 Ill. App. 3d 10, 14, 351 N.E.2d 238; *Larkin Bank v. Ishak* (1976), 43 Ill. App. 3d 918, 920-21, 357 N.E.2d 840.) Thereafter defendant must show payment of the amount found due to prevent an adverse final judgment against him. An additional issue which may arise on remand is whether defendant is also responsible for reasonable costs and attorney's fees associated with plaintiff's defense of defendant's motion to quash and section 72 petition. Plaintiff has asserted on appeal that these costs should be attributed to defendant; however, because the trial court was never presented with the issue and no hearing ever conducted thereon, we decline to deny or grant them on appeal. *Stevenson v. Stevenson* (1976), 40 Ill. App. 3d 10, 14, 351 N.E.2d 238; *Trisko v. Vignola Furniture Co.* (1973), 12 Ill. App. 3d 1030, 1034, 299 N.E.2d 421.

■■ By motion in this court, defendant seeks to vacate the default judgment upon the ground that the trial court was without jurisdiction to entertain plaintiff's complaint because it was an unincorporated association and without legal capacity to institute a cause of action, citing *American Federation of Technical Engineers Local 144 v. La Jeunesse* (1976), 63 Ill. 2d 263, 347 N.E.2d 712. *La Jeunesse* held that unincorporated associations generally do not have legal capacity to sue unless so authorized by statute. Section 18.3 of the Condominium Property Act (Ill. Rev. Stat. 1979, ch. 30, par. 318.3) provides that the unit owner's association, whether or not incorporated, shall have the powers specified in the General Not For Profit Corporation Act (Ill. Rev. Stat. 1979, ch. 32, par. 163a *et seq.*). This latter Act vests the power in the board of directors of such a not-for-profit corporation to sue on behalf of the corporation in the corporation's own name. (Ill. Rev. Stat. 1979, ch. 32, pars. 163a4, 163a16.) Similarly, the Condominium Property Act authorizes the board of managers to act on behalf of the association (Ill. Rev. Stat. 1979, ch. 30, par. 318.4), including the authority to maintain a forcible entry and detainer action on behalf of the unit owners. (Ill. Rev. Stat. 1979, ch. 30, par. 309.2.) The legislature has thus specifically authorized plaintiff at bar to maintain the present action on behalf of the unincorporated association; defendant's argument to the contrary is without merit. *Tassan v. United Development Co.* (1980), 88 Ill. App. 3d 581, 410 N.E.2d 902.

For the foregoing reasons, we affirm the trial court's order allowing

vacatur of the November 15, 1979, default order and remand for further proceedings consistent with the views herein expressed.

Affirmed and remanded.

DOWNING and PERLIN, JJ., concur.