6334 NORTH SHERIDAN CONDOMINIUM ASSOCIATION, Plaintiff-Appellee, v. WERNER RUEHLE, Defendant-Appellant.

First District (5th Division)   No. 86—2265

Opinion filed June 19, 1987.

Joseph L. Goldberg, of Chicago (Joseph L. Goldberg and Sandra N. Brostoff, of counsel), for appellant.

Linda J. Kroning, of Chicago, for appellee.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Defendant appeals from the judgment against him and the award of attorney fees to plaintiff in a forcible entry and detainer action.

Defendant is the owner of Unit 3E, a condominium apartment in the property located at 6334 North Sheridan Road in Chicago. On October 9, 1984, plaintiff, the 6334 North Sheridan Condominium Association, voted a special assessment equivalent to one month's general assessment—which, for defendant's unit, was $239—to be paid by November 15, 1984. Defendant did not pay the special assessment and also failed to make payment of the January 1985 general assessment on his unit. On November 27, 1985, plaintiff filed this action, and after a trial on April 15, 1986, the trial court entered judgment for plaintiff, granting it possession of the unit, enforcement of which was stayed for 90 days, and damages in the amount of $901.54 plus costs.

On May 2, defendant filed a "petition to vacate" the judgment on the grounds that plaintiff lacked the legal capacity to bring the action, that the notice served upon him was defective and that the interest and late charges imposed were unauthorized and excessive. On May 6, the trial court entered an order vacating the judgment but on May 16, the date set for trial, the court held that the May 6 order had been erroneously entered and, thus, vacated it and reinstated the April 15 judgment. In late June, defendant paid plaintiff the full amount of

damages, plus $525 for attorney fees, the amount requested by plaintiff in its May 2 petition for services performed up to and including April 15. Plaintiff then filed another petition for an additional $2,675 in fees in connection with the proceedings after April 15. Upon conclusion of a hearing on July 16, the court awarded plaintiff a total of $2,050 for attorney fees, from which was deducted the $525 defendant had previously paid. On August 4, the trial court denied defendant's motion to vacate the judgment for attorney fees and this appeal followed.

OPINION

■ Defendant first contends that plaintiff lacked the legal capacity to bring this action because it is a voluntary, unincorporated association.

As plaintiff points out, however, section 18.3 of the Condominium Property Act (Ill. Rev. Stat. 1985, ch. 30, par. 318.3), states that a condominium unit owners' association "whether or not it is incorporated shall have the powers specified in the General Not for Profit Corporation Act *** [and] shall have and exercise all powers necessary or convenient to affect any or all of the purposes for which the association is organized, and to do every other act not inconsistent with law which may be appropriate to promote and attain the purposes set forth in this Act or in the condominium instruments." Among the general powers granted a not-for-profit corporation in the General Not for Profit Corporation Act (Ill. Rev. Stat. 1985, ch. 32, par. 163a et seq.) is "[t]o sue and be sued, complain and defend, in its corporate name." (Ill. Rev. Stat. 1985, ch. 32, par. 163a4.) See St. Francis Courts Condominium Association v. Investors Real Estate (1982), 104 Ill. App. 3d 663, 432 N.E.2d 1274; Board of Managers v. Beringer (1981), 94 Ill. App. 3d 442, 418 N.E.2d 1099.

Furthermore, in addition to the above-cited statutes, we direct the parties' attention to section 2—209.1 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—209.1), an amendment made effective January 1, 1984, which specifically provides that "[a] voluntary unincorporated association may sue and be sued in its own name and may complain and defend in all actions." In the light thereof, there is no merit to defendant's assertion that plaintiff lacked standing to bring this action.

Defendant next contends that, having vacated the original judgment, the trial court abused its discretion by reinstating it without a trial on the charges contained in his May 2 motion to vacate.

Parenthetically, we note that defendant has not furnished us with

a report of the proceedings on May 16; however, contained in the transcript of the hearing on plaintiff's petition for attorney fees are remarks by the trial court providing some insight into what had occurred. The trial court explained that it entered the order on May 6 vacating the April 15 judgment because it had been misled by the designation of defendant's motion as a "petition to vacate"—rather than a "motion for a new trial"—into the mistaken belief that the judgment had been entered *ex parte*; and that upon realizing that the case had been tried, it then rescinded the May 6 order and reinstated the previously entered judgment.

With respect to the substance of defendant's charges, he asserts in this appeal, as he did in a motion to dismiss filed after entry of the order discussed above vacating the judgment and setting the case for trial, that (1) the notice served upon him was defective and that (2) plaintiff had violated (a) section 18.4(l) of the Condominium Property Act (Ill. Rev. Stat. 1985, ch. 30, par. 318.4(l)) (the Act) by imposing an unreasonable penalty under the guise of late charges and interest without conducting a hearing and (b) section 22 of the condominium declaration which, he says, "indicates that a maximum penalty of 7% per annum is chargeable against the principal but not the late penalties."

■ As to the propriety of notice, defendant argues that the letter sent by plaintiff notifying him that he was in default was inadequate because it did not contain an itemization of the monies allegedly owed. The record discloses, however, that at the trial on April 15, defense counsel stipulated that defendant had received notice and expressly waived any defect in it; thus, any question as to its adequacy has been waived for purposes of review.

Regarding defendant's claim that the charges were unauthorized, unexplained and improperly imposed, we note that section 18.4(l) of the Act, on which he relies, provides that the board of managers may "[i]mpose charges for late payments of a unit owner's proportionate share of the common expenses, or any other expenses lawfully agreed upon, and after notice and an opportunity to be heard, levy reasonable fines for violation of the Declaration, By-Laws and rules and regulations of the association."

■ At trial, plaintiff's witness, Vincent Daley—president of the firm responsible for managing the condominium property—testified that the special assessment had been voted on, in October 1984, by all unit owners and was equal to one month's general assessment, which in defendant's case was $239; and that defendant failed to pay not only the special assessment but also the January 1985 general assess-

ment on his unit. On cross-examination, Daley stated that plaintiff's bylaws and rules authorized the imposition upon defendant of late charges of $20 each month after the 20th day of the month and 1½% interest per month on the unpaid balance; and in response to defense counsel's question, he explained that the $901.54 sought by plaintiff consisted of the two unpaid assessments, $200 in late charges and $234.54 in interest. In our view, Daley's testimony sufficiently established both the basis for the charges and the method of their computation. Having presented no evidence controverting that testimony or those computations at trial, defendant's claim that they constituted a "fine" which was imposed in violation of section 18.4(l) of the Act lacks record support.

■ Defendant nevertheless argues in this appeal that section 22 of the condominium declaration "limits the reimbursable expenses of the association to an interest rate of 7% *** for non-payment of the [unit owner's] respective share of the condominium expenses." We note, however, that section 22, as its title indicates, specifies the legal remedies available to the association upon "any default by any Unit Owner under the provisions of the Act, Declaration, By-Laws or rules and regulations of the Association," including the right to bring an action against the owner, and provides that:

> "All expenses of the Association *in connection with any such action or proceeding*, including court costs and attorney fees and other fees and expenses and all damages, liquidated or otherwise, together with interest thereon at the rate of 7 per cent per annum until paid, shall be charged to and assessed against such defaulting Owner and shall be *added to* and deemed part of his respective share of the common expenses ***."

Clearly, section 22 has nothing whatsoever to do with late and interest charges which have accrued prior to the commencement of a legal action but, rather, provides for an *additional* 7% interest on any amounts awarded in such an action and the expenses incurred in connection therewith. In the light of the above, we cannot say that the judgment against defendant was improper or that the trial court abused its discretion in denying defendant's motion to vacate it.

We do, however, agree with defendant's contention that he was improperly denied the opportunity to effectively cross-examine plaintiff's attorney at the hearing on her petition for attorney fees.

■ Initially, we note that in addition to the above-quoted section of the condominium declaration requiring the payment by a defaulting unit owner of attorney fees, section 9—111 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1985, ch. 110, par. 9—111) provides that

a judgment entered in favor of a plaintiff in a forcible entry and detainer action brought against a condominium unit owner for failure to pay assessments owed shall include the amount due, including interest and late charges together with costs and *reasonable* attorney fees.

It is well settled that the primary factors involved in any award of fees is the attorney's ability, the amount of time expended, and the nature and complexity of the work performed. (*Losurdo Brothers v. Arkin Distributing Co.* (1984), 125 Ill. App. 3d 267, 465 N.E.2d 139.) The reasonableness of fees is a matter of proof and the party sought to be charged therewith should be afforded an evidentiary hearing and ample opportunity to cross-examine as to the reasonableness of the amounts claimed and to present evidence in rebuttal. *In re Estate of Palm* (1973), 11 Ill. App. 3d 24, 295 N.E.2d 580; *People ex rel. Holland v. DeMichael* (1979), 79 Ill. App. 3d 974, 398 N.E.2d 1138.

In the instant case, plaintiff filed a petition for attorney fees together with three separate affidavits by its counsel listing the various activities she performed, the date of their performance, the time allotted to each one and her hourly rate. A total amount of $3,025 was sought in the petition—$525 of which defendant paid in June 1986—and, on July 16, a hearing was held thereon, following which the court awarded a total of $2,025 to plaintiff's attorney. Although we do not believe it is necessary to quote at length from the hearing, it is clear from a reading of the transcript in its entirety that defendant was not afforded the opportunity to conduct a meaningful or effective cross-examination of plaintiff's counsel as to the nature and complexity of the services specified in her affidavit or the reasonableness of the time she expended on them.

The trial court not only inquired at the outset of the hearing whether she had any objection to being interrogated by defense counsel, but also: repeatedly interrupted his examination; frustrated his attempts to question her regarding the type and amount of work the itemized services entailed, characterizing his conduct as "improper and unprofessional"; interposed numerous objections in her behalf, stating at one point, "Since she's a witness, she can't object, so I think it's my responsibility to object for her"; and finally stated, in response to defense counsel's inquiry as to his right to question her with respect to the validity of the times set forth in her petition, "I said what I mean. I'm precluding you; you will not interrogate her any further. You may make comment on anything in here, but you will not question her again." Conversely, the trial court sustained every objection made by plaintiff's attorney to defense counsel's rebuttal examination of defendant, the only question allowed being whether he

had paid the $525 requested in the petition filed by plaintiff after the April 15 trial.

■ We do not intend by our remarks to suggest that none of the trial court's rulings or remarks were correct or appropriate or to hold that the attorney fees finally awarded were excessive, for it is true that the court disallowed and reduced certain of the charges claimed. However, we do believe that the court improvidently took upon itself the role of advocate and denied defendant any real opportunity to effectively challenge, through cross-examination or rebuttal, the reasonableness of the fees and that in the light thereof, this cause must be remanded for a rehearing on this issue.

For the reasons stated, the forcible entry and detainer judgment against defendant is affirmed but the order awarding plaintiff attorney fees is reversed and remanded for rehearing.

Affirmed in part; reversed in part; remanded for further proceedings.

LORENZ and PINCHAM, JJ., concur.